SOUTHWEST BATTERY CORPORATION v. C. E. OWEN ET AL.

No. 7177.   Decided May 4, 1938.
(115 S. W., 2d Series, 1097.)

*Lasseter, Simpson, Spruiell & Lowry,* of Tyler, for plaintiff in error.

The profits which defendant would have received from batteries sold, had plaintiffs furnished the batteries, being purely speculative and anticipatory and depending upon the chances of trade, could not be recovered nor form the basis of any action therefor. And the business of defendant not being in existence at the time the alleged contract was made, no recovery can be had for loss profits which might have been made, as such profits, if any, are too remote and speculative to afford any sound basis for a recovery therefor, and defendants not having shown by any testimony, the number of batteries it could have sold, the judgment that defendants take nothing by their cross action should have been entered. Fraser v. Echo Mining & Smelting Co., 28 S. W. 714; Varner v. Dexter Gin & Mill Co-op Assn., 39 S. W. 206; Howard v. Stillwell & Pierce Mfg. Co., 139 U. S. 199, 35 L. Ed. 147, 11 Sup. Ct. 500.

*Ramey, Calhoun & Marsh,* of Tyler, for defendants in error.

The business of defendants was not such a new and unestablished business as to preclude recovery for lost profits arising from breach of contract by the plaintiffs, which profits are asked for in their cross action. Northwest Auto Co. v. Harmon, 250 Fed. 832; Keller v. Gomery-Schwartz Motorcar Co., 253 Pa. 502, 98 Atl. 690; Randall v. Peerless Motor Car Co., 212 Mass. 352, 99 N. E. 221.

MR. JUSTICE SHARP delivered the opinion of the Court.

Southwest Battery Corporation filed suit against C. E. Owen and R. B. Cullem, composing the partnership of East Texas Distributing Company, on a verified account in the sum of $1251.57. The defendants filed a cross action against plaintiff for the sum of $1500 as lost profits caused by the breach of a contract made between plaintiff and defendants. The case was submitted to a jury on special issues. Based upon the answers of the jury to such special issues, the trial court entered judgment for plaintiff in the sum of $91.69, being the difference between the amount of plaintiff's account and the amount of profits lost by the defendants by virtue of the breach by plaintiff of its contract with defendants. Plaintiff appealed to the Court of Civil Appeals at Texarkana, and the judgment of the trial court was affirmed. 97 S. W. (2d) 306.

The parties will be designated herein as plaintiff and defendants, as they were in the trial court.

Plaintiff contends that the pleadings and evidence are insufficient to support the recovery of lost profits by defendants.

The pleadings and evidence raised certain issues. The jury found: (1) That in the contract made between plaintiff and defendants for the handling of batteries, plaintiff agreed and represented that it was able to fill orders promptly and to deliver all batteries needed by defendants in handling same; (2) that the defendants relied on such agreement and representation in entering into the contract to handle batteries for the plaintiff; (3) that the plaintiff failed to deliver with reasonable promptness the kind of batteries ordered by defendants; (4) that as a result of such failure of the plaintiff to make deliveries to them with reasonable promptness, the defendants were caused to lose profits in their business in handling the batteries; (5) that defendants, by reason of the failure of plaintiff to deliver with promptness the batteries as ordered, lost profits in the amount of $1145.50.

We quote from the opinion of the Court of Civil Appeals, written by Mr. Justice SELLERS, the following statement:

"The evidence shows that plaintiff in error induced defendants in error to enter into the business known as the East Texas Distributing Company and agreed with them to furnish batteries of various types in quantities such as they might need on consignment, the batteries to be reconsigned to such business houses throughout East Texas as defendants in error could induce to handle their line of batteries. The defendants in error rented a building in which to store a supply of the batteries, and purchased an automobile in which to make deliveries of batteries to the various business houses handling their products at regular intervals. The defendants in error were to receive a commission on the various batteries from $1 on what was known as the popular-priced battery upward on the higher-priced batteries. In compliance with their agreement the defendants in error secured about 45 business houses throughout their territory to handle plaintiff in error's line of batteries. It is shown from the evidence that defendants in error began their business about June 15, 1932, and continued it until January, 1933, when it was discontinued. It was further shown that from almost the beginning until the end the plaintiff in error failed to furnish the necessary amount of batteries to supply the trade established by defendants in error. Especially was this true with respect to the cheap or popular-priced batteries on which defendants in error made a commission of $1. The evidence is to the effect that defendants in error had numerous calls for this battery from those handling their batteries which they could not

furnish because plaintiff in error failed to comply with their contract to furnish defendants in error batteries as it might need. The evidence is further to the effect that the various business houses had numerous calls for these batteries. The evidence further shows that because defendants in error were unable to furnish their trade with sufficient number of batteries they lost customers who sold from a few to as high as a hundred batteries per month, and that these customers continued to be lost, until they were forced to cease their business, all because the plaintiff in error failed to comply with its contract and furnish batteries in sufficient quantities to supply its established trade."

The various legal encyclopaedias and textbooks lay down certain rules applicable to an action for damages for loss of profits. In Corpus Juris, page 785, Section 112-f, the rule is stated in the following language: "The generally accepted rule is that, where it is shown that a loss of profits is the natural and probable consequences of the act or omission complained of, and their amount is shown with sufficient certainty, there may be a recovery therefor; but anticipated profits cannot be recovered where they are dependent upon uncertain and changing conditions, such as market fluctuations, or the chances of business, or where there is no evidence from which they may be intelligently estimated. So evidence to establish profits must not be uncertain or speculative. It is not necessary that profits should be susceptible of exact calculation, it is sufficient that there be data from which they may be ascertained with a reasonable degree of certainty and exactness."

1 The rule as announced by the decisions of the courts of this State is summarized in 13 Texas Jurisprudence, page 215, Section 144, as follows: "In order that a recovery may be had on account of loss of profits, the amount of the loss must be shown by competent evidence with reasonable certainty. Where the business is shown to have been already established and making a profit at the time when the contract was breached or the tort committed, such pre-existing profit, together with other facts and circumstances, may indicate with reasonable certainty the amount of profits lost. It is permissible to show the amount of business done by the plaintiff in a corresponding period of time not too remote, and the business during the time for which recovery is sought. Furthermore, in calculating the plaintiff's loss, it is proper to consider the normal increase in business which might have been expected in the light of past development and existing conditions."

In the early decisions a rigid rule affecting the right of recovery for lost profits was announced. Modern business methods have caused a relaxation of that hard rule. 13 Tex. Jur., p. 198, Sec. 102; 17 C. J., p. 785, Sec. 112-f; 8 R. C. L., p. 601.

The rule denying a recovery where the facts show that such profits claimed are too uncertain or speculative, or where the enterprise is new or unestablished, is still enforced, on the ground that the profits which might have been made from such business are not susceptible of being established by proof to that degree of certainty which the law demands. 13 Tex. Jur., p. 207, Sec. 108, p. 216, Sec. 115; 17 C. J., pp. 790, 791, and cases cited in notes.

In a case of this kind the real difficulty lies not so much in the statement of the rules as it does in the application of the correct rule. The automobile industry has taken a dominant place in business affairs. The method of conducting its business is thorough and well established. In order to meet the demands of the trade, many agents selling the various parts of automobiles are selected. The selling of batteries used in automobiles is not an uncertain or speculative business. In this instance plaintiff and defendants made a contract whereby plaintiff agreed to sell and deliver to defendants such batteries as they would need in their business. By the very nature of the contract the parties knew the kind of business contemplated to be transacted under its terms. Acting on such agreement, defendants made preparations to handle such batteries, and selected many agents for that purpose. For a while plaintiff complied with such contract, and the defendants were able to meet the demands of their customers by selling many batteries through their agents. In this way they built up a substantial business, with a fair prospect of its expansion in the future. But plaintiff later breached the contract, by failing to supply defendants with the batteries necessary to meet the demands of their trade. For this reason defendants lost their customers, and were compelled to discontinue that part of their business. The testimony shows the amount of business transacted during the time plaintiff complied with the contract, and the evidence further shows the amount of sales that defendants could have reasonably expected, if plaintiff had complied with its part of the contract.

2  It is impossible to announce with exact certainty any rule measuring the profits the loss for which recovery may be had. The courts draw a distinction between uncertainty merely as to the amount and uncertainty as to the fact of legal damages. Cases may be cited which hold that uncertainty as to the fact

428

of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery. A party who breaks his contract cannot escape liability because it is impossible to state or prove a perfect measure of damages. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, p. 379, 47 Sup. Ct. 400, 405, 71 L. Ed. 684; Anvil Min. Co. v. Humble, 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814; Crichfield v. Julia, 147 F. 65, 71, certiorari denied 203 U. S. 593, 27 Sup. Ct. 781, 51 L. Ed. 332; Shannon v. Shaffer Oil & Ref. Co., 51 Fed. (2d) 878, 78 A. L. R. 851; Williston on Contracts, Vol. III, p. 2401. See also annotation of decisions in notes in 78 A. L. R., p. 858. Where, as here, it is shown that the business was a going concern, and was making a profit, when the contract was breached, such pre-existing profit, together with other facts and circumstances, may be considered in arriving at a just estimate of the amount of profit which would have been made if plaintiff had not breached its contract. Under the facts of this case it cannot be said, as a matter of law, that defendants were not entitled to a recovery for the loss of their profits. The evidence presented a question of fact to be determined. Jones v. George, 61 Texas 347, 48 Am. Rep. 280; National Bank of Cleburne v. Pittman Roller Mill, 265 S. W. 1024, 36 A. L. R. 1405; 13 Tex. Jur., p. 207, Sec. 108; Blagen v. Thompson, 23 Or. 239, 18 L. R. A. 315, 31 Pac. 647; Lanahan v. Heaver, 79 Md. 413, 29 Atl. 1036.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 4, 1938.