**TEXSUN FEEDYARDS, INC., Plaintiff,**

v.

**RALSTON PURINA COMPANY,
Defendant.**

**Civ. A. No. 5–576.**

United States District Court,
N. D. Texas,
Lubbock Division.

April 23, 1970.

Ernest L. Langley of Witherspoon, Aikin, Thomas & Langley, Hereford, Tex., for plaintiff.

Thomas W. Hathaway, of Johnson, Hathaway & Jackson, Tyler, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Plaintiff in the above suit seeks damages from Defendant on the theory of products liability-implied warranty and grounds of negligence asserted in its complaint. The Defendant was a manufacturer of certain feed supplements designed to be mixed with other feeds and fed to cattle. The Plaintiff was engaged in the business of operating a feedlot, feeding such cattle various feedstuffs including the ration supplement. Defendant sold the ration supplement in question to a third party, but knew at all times that this specially designed ration supplement was for use by the Plaintiff at its feedlot and in fact had one of its expert nutritionists examine the feedlot and consult with the Plaintiff in connection with its feeding operations. Plaintiff contended that the ration supplement was defective in that it did not contain the proper proportion of ingredients and that the instructions of the Defendant for the use of said ration supplement was defective in giving the amount of ration to be fed. As a result, Plaintiff claims that the cattle using this ration supplement did not gain the weight normally expected, and that Plaintiff suffered damages including certain refunds and rebates made by the Plaintiff to its customers because its customers' cattle did not gain at the rate expected.

The case was submitted to the jury on special issues and in response thereto the jury found that the Plaintiff had suffered damages because it fed and used the Defendant's ration supplement, that the ration supplement prepared by the Defendant was not suitably and reasonably fit for the purposes for which it was intended, that such unfitness was a producing cause of the damages or losses which the Plaintiff sought, that the ration supplement was fed by the Plaintiff to the cattle without any substantial change in its condition from the time it left the possession, care and control of the Defendant, and that the Plaintiff used the ration supplement as it was intended to be used and/or as the Defendant instructed it to be used.

The jury further found that the Defendant was negligent in failing to give the Plaintiff proper instructions as to the percentage of the ration supplement to be mixed with the cattle feed and was also negligent in preparing a ration supplement that did not contain the proper mixture or proportion of its essential ingredients, and that both of said acts of negligence were a proximate cause of the damage suffered by Plaintiff.

In Special Issue No. 8, the jury further found that the Plaintiff, during the time in question, engaged in feeding and management practices at its feedyard that adversely affected the rate of consumption of feed by the cattle and that this was a proximate cause of the damages or losses about which Plaintiff complained.

On the damage issues the jury found that the Plaintiff had suffered $27,000.-00 in damages because it fed and used the Defendant's ration supplement during the period in question. In this particular issue the jury was specifically instructed not to include any loss of profits or damages to the business or reputation of the Plaintiff.

In another damage issue, the Court inquired of the jury as to whether or not Plaintiff suffered any loss of profits or damage to the business reputation because it used the Defendant's ration supplement and the jury found that the amount of this was $10,000.00.

█ It is the opinion of the Court that the amount of $10,000.00 damages to the business reputation and loss of profits is not supported by the evidence. It would appear to the Court that damages on this issue, under the evidence in this case, could be based only on speculation and conjecture and should not be allowed. Western Union Tel. Co. v. R. J. Jones & Sons, 211 F.2d 479 (5th Cir. 1954); Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S.W.2d 1097 (Tex.1938); Wade v. Southwestern Bell Tel. Co., 352 S.W.2d 460 (Tex.Civ.App. —Austin, no writ history). An issue on loss of profits or damages to business reputation should not have been submitted to the jury because there was no evidence to support a finding of the jury and this portion of the jury's verdict will be disregarded. Western Union v. R. J. Jones & Sons, *supra.*

However, the Court is of the opinion that judgment should be awarded for the $27,000.00 damages found by the jury to have been suffered by the Plaintiff in Special Issue No. 5.

Both parties have filed their respective motions for judgment and the Court has this date entered its judgment granting in part Plaintiff's Motion for Judgment and denying Defendant's motion, and accordingly judgment for $27,000.00 has been entered.

█ Although the jury found that the Defendant was negligent in two of its acts, that each was a proximate cause of the damages, no recovery can be allowed upon a negligence theory because the jury further found in the answer to Special Issue No. 8 that the Plaintiff was also negligent in connection with its feedlot operations and that such negligence was a proximate cause of its damages, hence contributory negligence by the Plaintiff will bar any recovery on the theory of negligence.

It is the contention of the Defendant that recovery should not be allowed on the theory of products liability or implied warranty, contending that the contributory negligence found by the jury on the part of the Plaintiff is also a bar to recovery on this theory. It should be noted that the jury did return its special verdict favorably to the Plaintiff on all of the necessary elements to support a recovery on the grounds of breach of implied warranty or products liability. Specifically, the jury found that in the use of the Defendant's product, the Plaintiff used the ration supplement as it was intended to be used and/or as the Defendant instructed it to be used.

At first blush it would seem that this finding of proper intended use is in conflict with the finding of contributory negligence concerning the feeding and management practices of the Plaintiff. However the facts indicate in this case that the use of the ration supplement involves the proper mixing of same with other feeds and that many other things enter into feeding and management practices such as the maintenance of the premises, medicinal practices, etc. In other words, although they relate to the same over-all operation, the negligence of the Plaintiff had nothing to do with its use and the manner in which it used the defective ration supplement in question, and the amount of damages inquired about in Special Issue No. 6 was limited to the damages suffered because of the Defendant's ration supplement and not that resulting from other causes.

Defendant has very ably pointed out to the Court certain decisions of Texas

courts which it contends are authority for the fact that contributory negligence, in a case such as this before the Court, will be a bar to a recovery on products liability or implied warranty theory, but none of these cases seem to control as to the facts of this case. It is the contention of the Defendant that these cases hold: that one who is contributorily negligent in failing to discover a defect in a product is not barred from recovery, but that other acts of contributory negligence would be a bar to recovery. Other cases have held misuse, improper use, or involuntarily proceeding to encounter a known risk as defenses to this theory of recovery.

However this Court is of the opinion that none of these defenses is applicable to the facts in this case. There was no finding, nor was one requested, that the Plaintiff voluntarily proceeded to encounter a known risk, or that it knew of any risk, and of course any suggestion that there was any "misuse", or "improper use", is entirely rejected by the jury's express finding that the Plaintiff had used the product properly and in the manner in which it was intended and as it was instructed to use same.

■■ Further, this Court concludes that the law of Texas, as announced in and implied by the recent decisions in this area of the law, does not recognize this general type of contributory negligence (by whatever name it may be known) as a bar to recovery under either the theory of product liability or implied warranty. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex. 1967); Shamrock Fuel & Oil Sales Co., Inc. v. Tunks, 416 S.W.2d 779 (Tex. 1967). Therefore the jury's finding of contributory negligence by the Plaintiff in Special Issue No. 8 does not bar its recovery from the Defendant in this case on the grounds of product liability.

Plaintiff further contends that the findings of the jury establish that the Plaintiff has met its burden for recovery under the provisions of the Uniform Commercial Code—that it sustained loss from a breach of an implied warranty. Here, Plaintiff claims that the following sections of the Texas Uniform Commercial Code entitle it to judgment on the jury's verdict for the reasons indicated:

(1) Section 2–314. Implied Warranty: Merchantability; Usage of Trade. The jury found in answer to Special Issue No. 2(A) that the ration supplement "was not suitable and reasonably fit for the purposes for which it was intended to be used * * *"

(2) Section 2–315. Implied Warranty: Fitness for Particular Purpose. The Defendant had reason to know the particular purpose for which the ration supplement was required and agreed to and did supply a product designed to fit that particular purpose.

(3) Section 2–715. Buyer's incidental and consequential Damages. The jury found, in answer to Special Issue No. 2(B) that the unfitness was a producing cause of damage and loss to the Plaintiff.

Plaintiff further argues and supports with respectable authority, the proposition that, under facts as here found, Texas decisions prior to the Uniform Commercial Code also entitle Plaintiff to judgment.

The subject of privity of contract is also dealt with by Plaintiff, contending that recovery is not barred because of lack of contractual privity between the parties. In this connection, Plaintiff cites Decker & Son, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828 (1942); Ford Motor Co. v. Mathis, 322 F.2d 267 (5th Cir. 1963); Dement v. Olin-Mathieson Chemical Corp., 282 F.2d 76 (5th Cir. 1960); Putnam v. Erie City Manufacturing Co., 338 F.2d 911 (5th Cir. 1964); McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967), as supporting this proposition.

Defendant, while not strongly asserting a defense based on lack of privity, vigorously maintains that it has other defenses which defeat recovery under

the warranty provisions of the Uniform Commercial Code. First, Defendant argues that Plaintiff did not comply with the notice provisions of the Uniform Commercial Code, § 2–607. Plaintiff answers simply that the notice requirements of the Uniform Commercial Code were fulfilled. Since there was no demand for the submission of a Special Issue on the subject of notice, this Court finds, under the authority of Rule 49(a) of the Federal Rules of Civil Procedure that notice was sufficient under the circumstances to meet the statutory requirements.

Defendant also asserts that Plaintiff has attempted to disguise the true nature of this case, indemnity, by bringing it under other theories of recovery. The Court agrees with Plaintiff's response that, under the facts as found by the jury, the Plaintiff suffered a financial loss because of the use of Defendant's product and that while suit in the nature of indemnity may arguably be possible it is certainly not the exclusive route to recovery. The Court's instruction to the jury in relation to the damage Special Issues required a factual finding that the losses here in question were losses that the Plaintiff justifiably and reasonably sustained because of the use of Defendant's product. Plaintiff has not chosen an indemnity cause of action and it is this Court's opinion that such a choice is not required.

Plaintiff's arguments—that recovery on the theory of implied warranty, either under the Uniform Commercial Code or pre-existing Texas law, is authorized, that privity between the parties is not required, and that this is not an indemnity cause of action—seem to the Court to be correct expressions of the law. As previously discussed, the defense of contributory negligence does not bar recovery under this theory in this case.

For the reasons set forth above it is the opinion of this Court that the Plaintiff should recover the sum of $27,000.00 from the Defendant.