**BELGER CARTAGE SERVICE, INC., Appellant,**

v.

**SIMON LEASING COMPANY et al., Appellees.**

**No. 869.**

Court of Civil Appeals of Texas, Tyler.

Jan. 8, 1976.

David Carlock, Williford & Carlock, Dallas, for appellant.

E. D. Forbes, Dallas, for appellees.

McKAY, Justice.

This appeal arises from a suit for breach of contract. Appellant, Belger Cartage Service, Inc. appeals from a judgment awarding damages of $4,406.88 to Jack Simon and Sons and Simon Leasing Company, appellees.

During the period of February 10, 1970 to August 13, 1970, appellees leased four trucks to appellants. Four separate lease contracts were executed, one for each truck, but the agreements were basically identical. The leases provided for a duration of one year from their respective dates and monthly thereafter unless cancelled by 30-days' written notice. The monthly rental payments were computed by applying a fixed rate per mile to the actual mileage driven by the respective trucks each month.

In August of 1971, after all four leases had been in effect for at least one year, disputes arose between appellant and appellees concerning proper performance under the lease agreements. The facts concerning these disputes will be further discussed insofar as necessary to this opinion. Subsequently, appellees filed suit in district court alleging breach of contract by appellant and seeking monies allegedly due under the leases and damages. The suit was tried before a jury and the jury found that appellant owed appellees $2,434.41 under the contracts for services rendered prior to August 31, 1971, which sum should be offset against $2,500.00 owed by appellees to appellant. The jury also found that appellees should receive $4,472.47 as compensation for "down time" (the period the trucks were not in operation) of their trucks for 30 days. The jury's verdict resulted in a net judgment for appellees of $4,406.88.

Appellant's first point reads as follows:

"The district court erred in submitting Special Issues Number Three and Number Four[1] to the jury and in entering judgment on Special Issue Number Three for the reason that Plaintiff Simon was not entitled to said submission or to judgment on same as a matter of law."

In subpoints under this point, appellant contends that appellees terminated the contracts and that appellees failed to mitigate their damages. This point is multifarious and general and is not entitled to our consideration. Rule 418, T.R.C.P. Following a liberal policy concerning the briefing rules, however, we will consider the point.

█ In subpoint one appellant contends that appellees terminated the contracts and that such contention is germane to portions of appellant's motion for instructed verdict, objections to the court's charge, motion for judgment non obstante veredicto, motion for new trial, and amended motion for new trial. From looking at the foregoing instruments and the brief, it appears that appellant is arguing that a telegram sent by appellees to appellant on August 31, 1971, establishes as a matter of law that appellees, not appellant, breached the contracts.

The telegram from appellees was as follows:

"Unit 270 and trailer 101 reported back to Dallas. Being stopped several times by your people or police worried him. I

---

1. "SPECIAL ISSUE NO. 3: What amount of money, if any, do you find from a preponderance of the evidence will fairly compensate the Plaintiffs for 'down time' of their trucks for thirty (30) days?
   Answer in dollars and cents, if any.
   Answer: $4,472.47
   SPECIAL ISSUE NO. 4: What amount of money, if any, do you find from a preponderance of the evidence will fairly compensate the Plaintiffs for 'down time' of their trucks for one hundred and twenty days (120)?
   Answer in dollars and cents, if any.
   Answer: None, except expressed in Special Issue # 3."

am ready to carry on dispatch with another driver at your direction if you so advise. Units 280–277–270– and 258 are still available for dispatch for next thirty days with proof of insurance coverage for units. You have already terminated our leases by several breachfm (sic). I am hereby advising you that I do not elect to renew our leases on units 280–277–270–258, effective this date August 31, 1971."

Clause eleven of each of the four lease agreements provides, "It is agreed that this agreement shall continue for one year from the date of this agreement and monthly thereafter, unless cancelled by thirty (30) days written notice by either party." The telegram in question appears to be an election on the part of appellees to give thirty-days notice of cancellation under clause eleven. The telegram does not establish as a matter of law that appellees breached the contract.

■ In subpoint two under point one appellant contends that appellees failed to attempt to mitigate or diminish their damages and, therefore, were not entitled to submission of issues pertaining to damages or to judgment on same. This subpoint is improperly directed to the submission of appellees' damage issues. Rather than complaining of the submission of appellees' damage issues, appellant should have requested the submission of issues concerning mitigation of damages and has, therefore, waived any complaint on those grounds. Rule 279, T.R.C.P. Moreover, the only evidence in the record concerning mitigation of damages is the testimony of Jack Simon, one of the appellees, to the effect that he made no efforts to re-let the trucks subsequent to August 31, 1971. Appellant failed to discharge the burden of showing that appellees could have minimized or mitigated their damages to some extent. *LTV Aerospace Corporation v. Bateman*, 492 S.W.2d 703 (Tex.Civ.App.—Tyler, 1973, writ ref'd, n. r. e.).

Accordingly, appellant's first point is overruled.

By point two appellant contends that the jury's answer to Special Issue No. 3 is supported by factually insufficient evidence. Appellant argues that the evidence of appellees' loss of profits for the thirty-day period of August 31, 1971, to September 31, 1971, consisted of speculative opinion and was too weak to sustain the award of $4,472.47 given by the jury.

Appellant asserts that point two is germane to objections made during the trial to the testimony of Jack Simon, one of the appellees, concerning lost profits for the thirty-day period in question. None of appellant's objections, however, stated sufficient legal grounds to aid this court in considering appellant's point two.

■ To recover loss of profits appellees had the burden of showing the amount of the loss by competent evidence with reasonable certainty. *Southwest Battery Corporation v. Owen*, 131 Tex. 423, 115 S.W.2d 1097 (1938). In *General Supply and Equipment Co., Inc. v. Phillips*, 490 S.W.2d 913 (Tex.Civ.App.—Tyler, 1972, writ ref'd, n. r. e.), this court stated, "It is not necessary that profits should be susceptible of exact calculation; it is sufficient that there be data from which they may be ascertained with a reasonable degree of certainty and exactness." In considering appellant's second point, it is our duty to examine all of the evidence and, if we find the verdict to be clearly unjust, to remand for a new trial. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ The testimony of Jack Simon as to profits lost by appellees subsequent to August 31, 1971, was based on a projection of the mileage recorded on the four trucks during the last two weeks of their use by appellant. Appellant does not contest the use of the two-week period as a basis for the projection of appellees' future lost profits. Rather, appellant argues that Jack Simon made errors in the computation of the figures presented to the jury concerning lost profits. The evidence shows, however, that in computing lost profits, appellees de-

ducted all expenses incurred in operation and maintenance of the trucks. The jury was given figures on each truck showing the net profit per mile for each vehicle together with the mileage recorded during the two-week period. This evidence gave the jury sufficient data from which to compute the lost profits of appellees for the thirty-day period. After careful examination of all of the evidence, we are of the opinion that the evidence was competent and of sufficient certainty to support the jury's award of $4,472.47. Appellant's second point is overruled.

In its third point appellant asserts error on the part of the trial court in overruling appellant's amended motion for new trial because appellees failed to request special issues to determine which party terminated the lease agreements. Appellant did not request the submission of any issues or instructions and the only objection made by appellant to the charge of the court was to the submission of issues three and four "for the reason that these issues were not raised by credible evidence and for the further reason that under no theory of law is Plaintiff entitled to a recovery under said grounds."

Appellant's objection to the court's charge is found in the statement of facts and not in the transcript. Furthermore, the statement of facts is not signed by the trial judge. Appellant has failed to comply with Rules 272 and 274, T.R.C.P. In addition, Rule 279, T.R.C.P., provides:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; *provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party.*" (Emphasis added.)

Appellant made no objection to the failure to submit issues inquiring as to which party terminated or breached the contract and

the objection actually made by appellant is insufficient to raise the point on appeal. For the reasons stated appellant's complaint made by its third point was waived, and the point is overruled.

The judgment of the trial court is affirmed.