ARMSTRONG & McCALL CO., OF SANTONIO INC., Appellants,

v.

AMCO WAREHOUSE, INC., Appellee.

No. 15516.

Court of Civil Appeals of Texas, San Antonio.

May 26, 1976.

Rehearing Denied June 30, 1976.

John Michael Doyle, Frank D. Johnson, Doyle & Johnson, San Antonio, for appellants.

Charlie D. Dye, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

BARROW, Chief Justice.

Both parties complain of the judgment entered after a jury trial in a consolidated action. Armstrong & McCall Co. of San Antonio, hereinafter referred to as Armstrong, brought suit to recover damages from Amco Warehouse, Inc., hereinafter referred to as AMCO, for breach of a contract whereby AMCO agreed to furnish supplies to Armstrong for resale to barber and beauty shops in the San Antonio area. AMCO sought to recover from Armstrong and three guarantors, Hugh Stockton, Hal Stockton, and Ree Stockton, on a sworn account for goods delivered prior to termination of the contract.

The contract was entered into, effective January 1, 1969, for a period of five years with a provision for automatic renewals for successive one-year terms unless terminated at the end of the original five-year term or at the end of a renewal term(s) by written notice to the other party at least six months in advance of the then existing term. On July 9, 1974, AMCO wrote Armstrong that "based on the continuing delinquency of your credit balance, it will be impossible to continue to service your account." AMCO refused to fill any subsequent orders for Armstrong, and the latter was forced to obtain other lines of beauty supplies for distribution. No complaint is made of the jury finding that the contract was thereby breached by AMCO.

The jury found that the sum of $20,000.00 would fairly and reasonably compensate Armstrong for damages sustained by it as a result of AMCO's failure to supply beauty supplies from July 9, 1974 to December 31, 1974. The jury also found that Armstrong is indebted to AMCO on its account in the sum of $20,179.23. Judgment was entered on the jury verdict whereby AMCO recovered judgment against Armstrong and the three guarantors for the sum of $179.23.

Armstrong has timely perfected its appeal and urges five points of error. It complains by three points that there is no evidence to support a judgment against it on the open account; therefore, the trial court erred in not granting Armstrong's Motion for an Instructed Verdict, Motion to Disregard the Jury's Answer to Special Issue No. 5 and Motion for Judgment Non Obstante Veredicto. Armstrong complains by its fourth point that the court erred in overruling its objection to Special Issue No. 4[1] in that the damage period should have been July 9, 1974 to December 31, 1975. Armstrong's final point complains of the judgment against the three guarantors and urges that a fact issue was raised as to whether the guaranty was a continuing one

or was limited to a specific note which was paid.

AMCO complains of the judgment by two cross-points wherein it urges that there is no evidence to support the jury's finding of damages to Armstrong as a result of the breach of the contract.

■ In considering the no evidence points, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974).

■ All the common stock of Armstrong has been owned since 1969 by Hugh Stockton and his two sons, Hal and Ree Stockton. The books of this corporation were kept by Derald Bauhs, who also kept the books for AMCO. Bauhs testified that the records of both companies show a balance owing to AMCO by Armstrong on its open account of $20,179.23. His testimony was based upon a computer print-out of AMCO's accounts receivable which was prepared under his supervision. In addition to this evidence, Mr. Morris, the general manager of AMCO, identified an exhibit containing a recap of the accounts receivable of Armstrong with the original copy of each invoice attached to said recap. This evidence is sufficient to support the jury finding that Armstrong was indebted to AMCO for the sum of $20,179.23 on its open account. Armstrong's first three points are without merit and are overruled.

■ Reversible error is not shown by Armstrong's complaint that its damages were erroneously limited to the period of July 9, 1974, to December 31, 1974. There was no evidence introduced which would support a recovery for any additional period. Furthermore, Armstrong waived any error by its failure to request a proper issue and to complain by proper assignment in its motion for new trial of the court's failure to

---

1. "SPECIAL ISSUE NO. 4

   What sum of money, if any, if paid now in cash would fairly and reasonably compensate the Plaintiff for the damages, if any, sustained by Plaintiff as a direct and proximate result of Defendant's failure to continue supplying beauty supplies to Plaintiff under the terms of the contract of January, 1969, from and after July the 9th, 1974, to December 31st, 1974?"

submit this element of Armstrong's case. Rule 279; Rule 324, Tex.R.Civ.P. Here, Armstrong, by a general objection, urged that the term should run from July 9, 1974 to December 31, 1975; however, the motion for new trial complains only of the trial court's failure to find that the contract was from July 9, 1974, to June 30, 1975. Armstrong's fourth point is overruled.

 Armstrong's final point seeks to complain of the court's failure to submit an issue construing the guaranty signed by the three guarantors. No appeal was perfected by the three guarantors from the judgment against them on the guaranty. Armstrong is not affected by this part of the judgment and cannot now be heard to complain of same. Appellate Procedure in Texas, Sec. 18.13. In any event, no objection was made by Armstrong to the court's failure to submit an issue regarding the guaranty. Armstrong thus waived any error in the court's failure to submit such an issue. Rule 279, supra.

■ A more difficult question is presented by AMCO's cross-points wherein it urges that there is *no evidence* to support the jury's finding that Armstrong was damaged by AMCO's breach of the contract. Armstrong was the distributor in the San Antonio area for lines of beauty supplies distributed by AMCO through several franchised distributors. There was testimony that Armstrong and its predecessors had handled these lines for over 14 years. When AMCO breached the contract on July 9, 1974, it became necessary for Armstrong to secure supplies from other sources. This took time and resulted in a loss of gross sales by Armstrong.

The amount of Armstrong's damage is based upon the testimony of Mr. Bauhs and an exhibit prepared by him. This exhibit shows the total of Armstrong's sales for each month from January, 1970, through December, 1974, with the monthly average for each year. Bauhs testified that his analysis of the gross sales showed a drop of about forty per cent after June of 1974. He further testified that since Armstrong's expenses were fixed, the mark-up of about

42 per cent on these gross sales would have represented "pure profit" to Armstrong. He subsequently modified this testimony upon recall by AMCO to the extent that he did not know the amount of Armstrong's expenses on its gross sales.

This evidence leaves much to be desired insofar as showing the amount of Armstrong's damage. Nevertheless, there is evidence that Armstrong's gross sales dropped because of the breach of the contract and that this reduced the profits of Armstrong. Therefore, AMCO's no evidence points are without merit. See *Southwest Battery Corp. v. Owen,* 131 Tex. 423, 115 S.W.2d 1097, 1099 (Tex.1938).

The judgment of the trial court is affirmed.