Orchid v. Prentice Hall 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-90-076-CV





ORCHID SOFTWARE, INC.,



 
 APPELLANT


vs.





PRENTICE-HALL, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 409,475-A, HONORABLE WILL WILSON, JUDGE PRESIDING



 





 The opinion issued by this Court on December 5, 1990, is
withdrawn and the following is substituted therefor.

 Appellant Orchid Software, Inc., plaintiff below,
complains of the trial court's summary judgment that it is not
entitled to recover lost profits from appellee Prentice-Hall, Inc.
on Orchid's suit for breach of contract, breach of the duty of good
faith, violations of the Texas Deceptive Trade Practices Act, and
tortious interference with contract. We will reverse the judgment
and remand the cause.

 By contract dated January 1983, Orchid promised to
develop a line of accounting and business-management computer
programs in return for Prentice-Hall's promise to publish and
market the programs. Orchid was to receive 40% of the royalties
for program sales; Prentice-Hall was to receive the remainder. In
addition, Prentice-Hall agreed to fund, partially, the development
of the programs by periodically paying Orchid advances against
Orchid's anticipated royalties from sale of the programs. As
Orchid successfully passed each testing phase of a program's
development, Prentice-Hall would pay certain costs. Prentice-Hall
had authority to determine program development order and establish
testing procedures. There were two test stages, the successful
completion of each of which triggered development cost advances
against royalties.

 Orchid, at that time a new company, began developing the
programs, although at a slower rate than the parties had
anticipated. Prentice-Hall was not satisfied with the pace of
production. Orchid experienced cash flow problems, further slowing
progress on the program line. In an apparent effort to alleviate
the cash flow difficulty, Prentice-Hall's president indicated by
letter that it would abandon its testing/payment procedure and
"advance" Orchid a flat amount of approximately $150,000 per month. 
Although the parties dispute the exact nature of the advances and
whether Prentice-Hall was contractually bound to pay them, both
admit that Prentice-Hall "canceled" the entire contract with Orchid
in December 1984.

 Orchid sued Prentice-Hall for breach of contract and
various other claims, seeking lost profits of almost $27 million. 
Prentice-Hall moved for summary judgment, arguing that Orchid had
no right to recover lost future profits because it had not earned
a profit from the time it started doing business in 1982 to the
time it ceased doing business in January 1985. The trial court
granted Prentice-Hall's motion for summary judgment as to lost
profits, but concluded that Orchid was still entitled to seek
additional development advances that it claimed Prentice-Hall had
promised to make through December 1984. Accordingly, the court
severed the lost future profits issue from the remaining issues.
The judgment in the severed cause is the judgment from which Orchid
now appeals.

 As summary judgment movant, Prentice-Hall had the burden
to show that no genuine issue of material fact existed and that,
consequently, it was entitled to judgment as a matter of law. In
determining whether Prentice-Hall succeeded in showing that no
material factual dispute existed, we will assume the truth of
evidence favorable to Orchid, the non-movant, indulge every
reasonable inference in Orchid's behalf, and resolve any doubts in
Orchid's favor. Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548-49 (Tex. 1985). 

 The general rule is that an injured party may recover
damages for lost profits by showing that the loss is a natural and
probable result of the act or omission complained of and that the
amount of profits that the party would have earned is reasonably
certain. As Prentice-Hall points out, the certainty requirement
has often been held to prevent a new business enterprise from
recovering any lost profits. See Atomic Fuel Extraction Corp. v.
Estate of Slick, 386 S.W.2d 180, 189 (Tex. Civ. App. 1964), writ
ref'd n.r.e. per curiam, 403 S.W.2d 784 (Tex. 1965). This
prohibition effectively prevents speculative recovery when there is
no evidence from which profits could be intelligently estimated. 
Estimating future profits intelligently has been said to be
difficult, if not impossible, when the business involved depends on
uncertain and changing conditions, such as market fluctuations. 
Riddle v. Lanier, 145 S.W.2d 1094 (Tex. 1941); Southwest Battery
Corp. v. Owen, 115 S.W.2d 1097 (Tex. 1938).

 Although the general rule has thus correctly prohibited
recovery of speculative and uncertain anticipated profits, more
recent cases have held that a new business may use other data
besides past profit history to show anticipated profits to a
reasonable certainty. See, e.g., White v. Southwestern Bell
Telephone Co., 651 S.W.2d 260 (Tex. 1983) (business records showing
past developments and existing conditions sufficient to show loss
of normal increase in business); Pace Corp. v. Jackson, 284 S.W.2d
340 (Tex. 1955) (opinion of business owner based on prior similar
business's profit history); Pena v. Ludwig, 766 S.W.2d 298 (Tex.
App. 1989, no writ) (opinion of business owner based on prior
similar business's profit history); Anbeck Co. v. Zapata Corp., 641
S.W.2d 608 (Tex. App. 1982, writ ref'd n.r.e.) (contractually
agreed upon consideration for sale of assets); cf. Arabesque
Studios, Inc. v. Academy of Fine Arts Int'l, Inc., 529 S.W.2d 564
(Tex. Civ. App. 1975, no writ) (employer showed loss of particular
clients and their continued business dealings with employee who
terminated employment relationship and subsequently breached
covenant not to compete). A vast majority of jurisdictions appear
to have rejected the so-called "new business rule" as a per se rule
of exclusion. See Annotation, Recovery of Anticipated Lost Profits
of New Business: Post-1965 Cases, 55 A.L.R.4th 507 (1987).

 Moreover, precise calculation of anticipated profits has
never been essential to recovery by any business. It is sufficient
if there is data from which the loss may be ascertained with
reasonable certainty. Southwest Battery, 115 S.W.2d at 1099;
General Supply & Equipment Co. v. Phillips, 490 S.W.2d 913, 921
(Tex. Civ. App. 1972, writ ref'd n.r.e.). Whether data exists to
show the anticipated profits of a new business to a reasonable
certainty will depend on the facts and circumstances of each case. 
Whiteside v. Trentman, 170 S.W.2d 195, 197 (Tex. 1943); Automark of
Texas v. Discount Trophies, 681 S.W.2d 828, 829 (Tex. App. 1984, no
writ). We hold that the absence of a history of profits does not,
by itself, preclude a new business from recovering lost future
profits. 

 Prentice-Hall, as the summary judgment movant, had the
burden of showing itself entitled to judgment as a matter of law. 
It attempted to do so only by showing that Orchid had no net profit
in 1984. Prentice-Hall did not, however, attempt to disprove the
existence of other data from which lost profits could be proven to
a reasonable certainty; nor did Prentice-Hall even establish
whether or not Orchid contends that such other data exists. If, by
general pleading, a plaintiff seeks damages to which it may be
entitled under two or more factual conditions, the defendant's
conclusive negation of only one of those factual conditions does
not establish its entitlement to judgment as a matter of law. 
Accordingly, Prentice-Hall's proof was insufficient to satisfy its
summary judgment burden. Prentice-Hall having failed to meet its
summary judgment burden, Orchid was not required, in order to avoid
summary judgment, to bring forward other evidence showing its
anticipated lost profits.

 In its motion for rehearing, Prentice-Hall argues that
Orchid did not raise in this Court the issue of whether Prentice-Hall satisfied its initial summary judgment burden. Rather,
according to Prentice-Hall, Orchid's appellate brief raises only
the issue of whether Orchid was making a profit at the time of the
alleged contractual breach. Orchid's sole point of error states: 
"The trial court erred in granting summary judgment precluding the
recovery of lost profits because the summary judgment evidence
raised a genuine issue of material fact whether appellant was
established and making a profit when the contract was breached."

 It is certainly true that we may not reverse a trial
court's judgment in the absence of properly assigned error. San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990). 
However, in the present case Orchid's brief contains the following
argument:


Finally, Orchid Software contends that the requisite for
a profit at the time of the breach is not to provide a
simple extrapolation model of damages. Indeed, in
occasional cases no prior history of profits is even
required. Pace v. Jackson, 284 S.W.2d 340 (Tex. 1955)[;]
Pena v. Ludwidg [sic], 766 S.W.2d 298 (Tex. App.-Waco,
1989, no writ history). The law is quite specific that
"other facts and circumstances" may establish lost
profits. Southwest Battery Corporation v. Owen, supra.



In its reply brief, Prentice-Hall responded to the foregoing
argument by attempting to distinguish Pace and Pena, asserting that
"[t]here was no summary judgment evidence of any type of 'other
facts or circumstances' which could take Orchid's claim for lost
profits outside of the general rule requiring a history of
profits." In effect, Prentice-Hall was arguing that it had met its
summary judgment burden merely by showing an absence of profit
history, and that the burden had thereby been shifted to Orchid to
produce evidence of "other facts or circumstances," i.e., other
data, by which lost profits could be shown to a reasonable
certainty. 

 We conclude that the foregoing argument is sufficient to
raise in this Court the issue of whether the absence of a profit
history, by itself, is sufficient to preclude a recovery of lost
profits. Because we have concluded that such evidence, without
more, is insufficient as a matter of law to support Prentice-Hall's
summary judgment, Orchid had no obligation to raise this specific
issue in its written response to the motion for summary judgment. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979) ("[T]he non-movant needs no answer or response to the
motion to contend on appeal that the grounds expressly presented to
the trial court by the movant's motion are insufficient as a matter
of law to support summary judgment.").

 Moveover, even if the above-quoted argument did not
constitute a complaint on appeal of the inadequacy of Prentice-Hall's summary judgment evidence, we hold that Orchid's evidence
raised a fact issue as to Orchid's profit history. This issue
centered around whether the monthly advances paid by Prentice-Hall
to Orchid should be considered part of Orchid's "profits" for
purposes of determining if that company had any history of
profitability. In its response to Prentice-Hall's motion for
summary judgment, Orchid submitted the affidavit of Gary Cadenhead,
a certified public accountant licensed in Texas. The affidavit
contained the following paragraph:


 It is my opinion that Orchid Software, Inc.
earned a profit for the year 1984 as reflected on the
Profit and Loss Statement attached to the Affidavit of
Michael Kahl, dated February 8, 1989, which I have
reviewed and is submitted herewith. It is my opinion
that pursuant to generally accepted accounting principles
The Profit Center Royalties of $1,263,800 reflected on
the Profit and Loss Statement should be recognized as
income or revenue for 1984, since, according to Kahl,
such monies were paid to Orchid by Prentice-Hall
irrespective of delivery of tested programs by Orchid to
Prentice-Hall.


Prentice-Hall does not contend that Cadenhead's affidavit does not
constitute evidence of profits earned by Orchid during 1984. 
Rather, Prentice-Hall asserts that any such profits are immaterial:


 Whatever profit Orchid claims it made from the
1984 funding arrangement is not relevant to any profits
it could have made from the sale of the accounting
software. If considered income, those funds were in the
nature of fees paid for the development of the product,
and had no relation to money that would be earned from
the sale of the product.


We disagree.

 In support of its argument, Prentice-Hall cites cases
standing for the proposition that, where a loss of profits is
experienced by a discrete phase of a business, profits generated by
a different area of the business may not be used to calculate
profits lost by the injured phase. See, e.g., Navistar Int'l
Transp. Corp. v. Crim Truck & Tractor Co., 791 S.W.2d 241, 244
(Tex. App. 1990, writ granted). Such cases are distinguishable
from the present one. The software development process and the
periodic advances paid by Prentice-Hall to Orchid appear from the
record to have been inextricably linked with the anticipated sales
of the software programs being developed by Orchid. Indeed, the
letter by which Prentice-Hall confirmed its agreement to pay Orchid
approximately $150,000 per month through 1984 stated that "these
monies are advances against the future sales of software products." 
We cannot conclude as a matter of law that the advances were for a
"separate business activity" from that which would produce
royalties from future sales.

 We reverse the trial court's judgment and remand the
cause for further proceedings.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: January 23, 1991

[Publish]