Appellant’s Motion for Rehearing Denied; Memorandum Opinion
of April 19, 2011, Withdrawn; Affirmed and Substitute
Memorandum Opinion filed June 21, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00202-CV



Laura Reynolds
Orcutt, Appellant 

v.

Michelle
Goldberg, Appellee 



On Appeal from
the 127th District Court

Harris County, Texas

Trial Court
Cause No. 2005-37508



 

SUBSTITUTE MEMORANDUM OPINION 

We deny appellant=s
motion for rehearing, vacate, and withdraw our prior opinion and judgment dated
April 19, 2011, and issue this substitute memorandum opinion on rehearing and
judgment in their place.

Appellant, Laura Reynolds Orcutt, appeals the summary
judgment granted in favor of appellee, Michelle Goldberg, in Orcutt’s legal
malpractice suit against Goldberg.  Orcutt contends that the trial court erred
in granting summary judgment because (1) res judicata did not bar her legal
malpractice claim and (2) she presented more than a scintilla of evidence as to
causation and damages.  We affirm.








I.                  
Factual and Procedural Background

Orcutt
retained Goldberg to represent her in a divorce action.  On June 7, 2003,
Orcutt filed an original petition for divorce.  The trial court set a hearing
on temporary orders for July 31, 2003; the hearing was subsequently re-set to August
6, 2003.  After Orcutt’s husband, Leslie Edward Reynolds, failed to appear at
the hearing, the court entered temporary orders by default ordering Reynolds to
pay $5,147 in monthly temporary spousal support to Orcutt and $5,000 in
attorney’s fees to Goldberg.  

Goldberg
subsequently withdrew as Orcutt’s counsel.  In January 2004, Goldberg filed a
plea in intervention seeking to recover her attorney’s fees in the divorce
action.  After Reynolds failed to pay the temporary spousal support and
attorney’s fees ordered by the court, Orcutt filed a motion for contempt and
order to appear on April 30, 2004.  On May 14, 2004, Reynolds filed a motion to
vacate temporary order or, in the alternative, for reconsideration, asserting that
he had never been provided notice of the hearing.  The motions for contempt and
to vacate temporary order were set for hearing on May 19, 2004.  On May 26,
2004, the trial court orally rendered judgment granting the parties’ divorce. 
On September 17, 2004, the trial court signed the final divorce decree dividing
the parties’ estate; Goldberg’s plea in intervention for her attorney’s fees
was denied. 

On
June 7, 2005, Orcutt sued Goldberg for legal malpractice based on Goldberg’s
alleged failure to properly serve Reynolds with process and provide him with
notice of the temporary orders hearing.  Goldberg filed a traditional motion
for summary judgment arguing that Orcutt’s legal malpractice claim was barred
by res judicata.  The trial court granted Goldberg’s motion.  Orcutt filed a
motion for new trial which the trial court subsequently granted.  Thereafter,
Goldberg filed combined traditional and no-evidence summary judgment motions,
additionally arguing that there was no evidence of causation or damages.  On
November 30, 2009, the trial court granted Goldberg’s traditional and
no-evidence motions.  This appeal followed.

II.              
Standard of Review

We
review summary judgments de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  Because Goldberg filed both traditional and
no-evidence motions, we apply the established standards of review for each.  See
Brockert v. Wyeth Pharms., Inc., 287 S.W.3d 760, 764 (Tex. App.—Houston
[14th Dist.] 2009, no pet.).

The
party moving for a traditional summary judgment bears the burden to show that
no genuine issue of material fact exists and that it is entitled to judgment as
a matter of law.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150,
157 (Tex. 2004); Tex. R. Civ. P. 166a(c).  A genuine issue of material fact
exists if more than a scintilla of evidence establishing the existence of the
challenged element is produced.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  A no-evidence summary judgment will be granted when (1)
there is a complete absence of evidence of a vital fact, (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact
is no more than a scintilla, or (4) the evidence conclusively establishes the
opposite of a vital fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003).

In
reviewing the granting of either type of summary judgment motion, we indulge
every reasonable inference from the evidence in favor of the non-movant,
resolve any doubts arising from the evidence in its favor, and take as true all
evidence favorable to it.  Malcomson Rd. Util. Dist. v. Newsom, 171
S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  When a
summary judgment does not specify the grounds upon which the trial court ruled,
as here, we must affirm it if any of the summary judgment grounds on which
judgment could be based is meritorious.  See Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995).

III.           
Analysis

In
her fourth issue, Orcutt contends that the trial court erred in granting a
no-evidence summary judgment in favor of Goldberg because Orcutt presented more
than a scintilla of evidence regarding damages.  Because this issue is
dispositive of the appeal, we address it first.

Generally,
to recover on a legal malpractice claim, a plaintiff must prove that (1) the
attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3)
the breach proximately caused the plaintiff's injuries, and (4) damages
occurred.  Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex.
1995).  Thus, to prevail on her legal malpractice claim, Orcutt must prove that
she was damaged.  See Peeler, 909 S.W.2d at 496.  Uncertainty as to the
fact of legal damages is “fatal to recovery.”  Spera v. Fleming, Hovenkamp
& Grayson, P.C., 25 S.W.3d 863, 874 (Tex. App.—Houston [14th Dist.] 2000,
no pet.) (quoting McKnight v. Hill & Hill Exterminators, Inc., 689
S.W.2d 206, 207 (Tex.1985)); see also Sw. Battery Corp. v. Owen, 131
Tex. 423, 115 S.W.2d 1097, 1098-99 (1938) (“[U]ncertainty as to the fact of
legal damages is fatal to recovery, but uncertainty as to the amount will not
defeat recovery.”)  Remote damages, or those damages that are purely
conjectural, speculative, or contingent, are too uncertain to be ascertained
and cannot be recovered.  See id; Westech Eng’g, Inc. v. Clearwater
Constructors, Inc., 835 S.W.2d 190, 205 (Tex. App.—Austin 1992, no writ). 

To
survive a no-evidence summary judgment on this ground, Orcutt was required to
bring forward more than a scintilla of probative evidence to raise a fact issue
on the element of damages.  See Ridgway, 135 S.W.3d at 600.  In response
to Goldberg’s motion, Orcutt argued that she sustained $56,470 in damages due
to Goldberg’s alleged failure to serve Reynolds with notice of the August 6,
2003 hearing, which allegedly caused the August 6, 2003 temporary orders to be
void as a matter of law.  She asserted that she sustained these damages on May
19, 2004, when the trial court in the underlying case vacated its August 6,
2003 temporary orders awarding her $5,147 in monthly temporary spousal support
and $5,000 in attorney’s fees.  Orcutt asserted that, because the court vacated
these temporary orders, the provisions of these orders could not be
incorporated into the final divorce decree, causing Orcutt to sustain damages.

However,
the summary judgment evidence does not raise a fact issue as to whether the
trial court in the underlying case vacated its August 6, 2003 temporary orders
on May 19, 2004, or on any other date.  The record does not contain a signed
order, a transcript of the May 19, 2004 hearing, or anything else showing that
the trial court vacated its August 6, 2003 temporary orders.  Further, neither
the final divorce decree nor the trial court’s oral rendition granting the
parties’ divorce mentions the August 6, 2003 temporary orders.  Even if these
temporary orders were void as a matter of law, Orcutt did not raise a fact
issue regarding her damages.[1]

“When
the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence, the evidence is no more
than a scintilla and, in legal effect, is no evidence.”  Ridgway, 135
S.W.3d at 601 (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983)).  There is no evidence in the record to support the element of damages. 
Accordingly, we conclude that the trial court did not err when it granted Goldberg’s
no-evidence motion for summary judgment on Orcutt’s legal malpractice claim. We
overrule Orcutt’s fourth issue.[2]

IV.            
Conclusion

We
affirm the trial court’s judgment.

 

/s/        Adele
Hedges 

Chief Justice

 

Panel consists of Chief
Justice Hedges, Justice Frost, and Justice Christopher.









[1]
The summary judgment evidence contains no expert testimony.  Therefore, there
is no expert testimony regarding what Orcutt would have recovered and collected
if her case had been properly prosecuted by a reasonably prudent attorney.  See
Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat’l Dev. & Res. Corp.,
299 S.W.3d 106, 112 (Tex. 2009) (stating that, when a client sues her attorney
for litigation malpractice, the client must prove the amount of damages that
would have been recovered and collected if the case had been properly
prosecuted by a reasonably prudent attorney).





[2]
In light of our disposition above, we do not reach Orcutt’s remaining issues.  See
Tex. R. App. P. 47.1 (requiring appellate court opinions to be as brief as
practicable but to address every issue raised and necessary to final
disposition of appeal).