**Reversed and Rendered and Majority and Concurring Opinions filed December 20, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00213-CV

---

## CARGOTEC CORP., MACGREGOR USA, LNC. AND CARGOTEC USA, INC., Appellants

### V.

## LOGAN INDUSTRIES, Appellee

---

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 12-12-21726**

---

## C O N C U R R I N G   O P I N I O N

I write separately to address damages. I agree with the majority that Logan failed to present evidence that its damages were caused by Cargotec. I do not agree that Logan's expert, Robert Hancock, failed to present evidence to support his opinions as to Logan's lost profits.

The majority states that "[b]ecause Hancock's calculations are predicated on

speculative and unsupported gross profit goals contained in Logan's business plan," Hancock's testimony is unreliable and no evidence of damages. I disagree with Cargotec's characterization that Hancock's opinions "rested entirely" on Logan's gross profit goals. I similarly disagree with the weight given by the majority to the gross profit goals.

Hancock testified that the scope of his review included, in addition to the business plan, Logan's tax returns, hundreds, if not thousands, of pages of financial statements, the employee roster, and historical records. Hancock also interviewed Logan's management team and conducted outside economic and industry research. As to the business valuation, Hancock testified that he did not look at projections exclusively. He also looked at current financial conditions. He also testified that there is nothing wrong with using management projections of future profits if they can be substantiated: "You just don't blindly take [management projections] and say, (snaps fingers), 'Here you are.' That's just math. There's a thought process that goes behind that, the math." *See VingCard A.S. v. Merrimac Hosp. Sys., Inc.*, 59 S.W.3d 847, 863-64 (Tex. App.—Fort Worth 2001, pet. denied) (holding expert's projections were not speculative because they were based on objective facts, figures, and data in light of expert's many years of experience and plaintiff's customer base and marketing capabilities). In response to the question "Did you, in this case, just blindly take management projections in reaching your opinions concerning lost profits and lost business value?" he answered, "No."

Based on Hancock's testimony presented at trial, I cannot join the majority in concluding that Hancock's lost profit damages valuation is predicated entirely on bare assumptions of projected profits in Logan's business plan. I would conclude that Hancock's testimony provides some evidence that would support a jury finding of lost profits. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 877

2

(Tex. 2010) ("[U]ncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery.") (quoting *Sw. Battery Corp. v. Owen*, 131 Tex. 423, 428, 115 S.W.2d 1097, 1099 (1938)). For this reason, I concur.


/s/　　Martha Hill Jamison
　　　　Justice


Panel consists of Justices Jamison, Wise, and Jewell (Wise, J., majority).