Richard WHITE, d/b/a Hewlett-White, Petitioner,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, INC., Respondent.

No. C–1643.

Supreme Court of Texas.

June 8, 1983.

Rehearing Denied July 6, 1983.

Atlas & Hall, David H. Hockema and Lisa Powell, McAllen, for petitioner.

Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, Neil Norquest, McAllen, Jerry R. Tucker, Jr., San Antonio, for respondent.

RAY, Justice.

Richard White, doing business as Hewlett-White, instituted this suit against Southwestern Bell Telephone Company, Inc., for lost profits resulting from Southwestern Bell's incorrect listing of his telephone number in the yellow pages. The trial court granted Southwestern Bell's motion for an instructed verdict. The court of appeals affirmed.[1] We reverse the judgments of the courts below and remand the cause to the trial court.

In 1977, Richard White, the owner of Hewlett-White florist shop, sought to expand his business and entered into an agreement with Southwestern Bell for advertising in the yellow pages of the tele-

---

1. The court of appeals decision is unpublished. Tex.R.Civ.P. 452.

phone book to be released in February, 1978. When the new issue came out, the phone number for Hewlett-White was listed correctly in the white pages and in one small yellow-page listing. The number, however, was listed incorrectly in the large pictorial yellow-page advertisement purchased by White. The testimony indicated that the number listed for Hewlett-White was that of an insurance company. After White complained, the telephone company assured him that an "intercept" service would be instituted, enabling incoming calls to that number to be screened and then routed to the correct party, either to the flower shop or to the insurance company. Whether this was done or not is disputed by the parties. White testified that some times, when he called the number, he would receive a message that it was not a working number.

Southwestern Bell filed a motion for instructed verdict on several grounds. The trial court granted the motion, but failed to specify the basis for its instructed verdict. The court of appeals affirmed the judgment on the basis that White did not establish a loss in net profits with a reasonable degree of certainty.

■ In reviewing the trial court's granting of an instructed verdict, the evidence must be considered in the light most favorable to the party against whom the verdict is instructed. *Texas Employers Insurance Association v. Page,* 553 S.W.2d 98 (Tex. 1977). If there is any conflicting evidence of probative nature in the record, a determination of the issue is for the jury. *Air Conditioning, Inc. v. Harrison-Wilson-Pearson,* 151 Tex. 635, 253 S.W.2d 422 (1952). After considering all of the evidence in the light most favorable to White, we have determined that the case should have been submitted to the jury.

■ To recover for a loss of profits, it is not necessary that the loss be susceptible to exact calculation. *Southwest Battery Corporation v. Owen,* 131 Tex. 423, 115 S.W.2d 1097, 1098 (1938). It is sufficient that the amount of loss is shown by competent evidence with reasonable certainty.

*Id.* Where there is an established business, pre-existing profits may be used to evidence the amount of loss with reasonable certainty. *Atomic Fuel Extraction Corporation v. Estate of Tom Slick,* 386 S.W.2d 180, 188 (Tex.Civ.App.—San Antonio 1964, *writ ref'd n.r.e. per curiam,* 403 S.W.2d 784 (Tex. 1965); *Richker v. Georgandis,* 323 S.W.2d 90, 98 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). Furthermore, in calculating the loss in profits, the normal increase in the business which might have been expected in the light of past developments and existing conditions may be considered. *Southwest Battery Corporation v. Owen,* 115 S.W.2d at 1099.

■ The evidence showed that Hewlett-White has been an established business for thirty-three years and has consistently shown profits. Additionally, there was evidence that the sale of flowers is not an uncertain or speculative business. A representative for Southwestern Bell testified that directory advertising is a very effective method of attracting business for florists. The representative further added that a business would be hurt if its telephone number was incorrectly listed in the yellow pages.

Hewlett-White's business records were introduced to show the gross sales in the years 1974 through 1980, and 1978 was the only year with a decline in gross receipts. White's certified public accountant, using "linear regression" analysis, testified what White's sales should have been in 1978. According to her figures, there was a projected loss of gross receipts in the amount of $40,000. There was testimony that Hewlett-White's sales through wire services, which are unrelated to yellow-page advertising, increased in 1978. White's income tax returns and other testimony conflicted with these figures; however, the determination of which figure is correct is for the jury. *Air Conditioning, Inc. v. Harrison-Wilson-Pearson,* 253 S.W.2d at 425.

White testified that twenty-five to thirty percent of his gross receipts is profit. Additionally, he testified that his overhead

expenses remain static, and once these expenses are met, the only additional expense is the cost of the flowers themselves which are marked up five hundred percent. His estimate as to what percentage of his receipts is profit was reasonably certain because of his experience in the field.

Under the facts of this case, it cannot be said, as a matter of law, that White is not entitled to recovery for his lost profits. We hold White's evidence presented a fact question for jury determination.

■ The telephone company, as an additional basis for its motion for instructed verdict, asserted that White has no standing as a "consumer" under the Deceptive Trade Practices Act. Tex.Bus. & Com.Code Ann. § 17.45(4). This contention is without merit as White sought and paid for additional telephone lines and yellow-page advertising, and therefore is a consumer under the Act. Further, Southwestern Bell alleged that its affirmative defense of accord and satisfaction was conclusively proved because White agreed to an eighty percent reduction in his monthly advertising rates. We hold that a fact question exists as to whether the elements of this defense are established. *See Jenkins v. Henry C. Beck Co.,* 449 S.W.2d 454 (Tex. 1969). Consequently, the instructed verdict cannot be upheld on this point.

Southwestern Bell contends that its liability, if any, is limited by its tariff and advertising contract. These points are not fully briefed and may be further developed on remand.

The judgments of the courts below are reversed and the cause is remanded to the trial court.