**FIRST STATE BANK IN ARCHER CITY, Appellant,**

v.

**The SCHWARZ COMPANY, Appellee.**

**No. 05–84–00498–CV.**

Court of Appeals of Texas, Dallas.

Feb. 20, 1985.

Rehearing Denied March 15, 1985.

**454**

Charles R. Haworth, Johnson & Swanson, Dallas, for appellant.

Hollye C. Fisk, Greenberg, Benson, Fisk & Fielder, P.C., Dallas, for appellee.

Before CARVER, ALLEN and WHITHAM, JJ.

ALLEN, Justice.

First State Bank of Archer City appeals from an instructed verdict which was granted at the close of its case in favor of The Schwarz Company, Inc. In two points of error, the bank maintains that the trial court erred in granting the instructed verdict because it established a prima facie case against Schwarz under the theories of promissory estoppel and assignment. In its third point of error, the bank asserts that certain exhibits were admissible. We agree with the bank's first point of error and hold that the bank's evidence presented a prima facie case which required submission of the promissory estoppel issue to the jury. Accordingly, we reverse.

Schwarz was general contractor for the construction of the Tealwood Apartments.

On July 19, 1979, Schwarz, through its president, W.O. Henry, executed a subcontract with Johnny Holman of the Holman Company to do painting and dry wall work on the project. At Holman's request, Henry wrote the following letter:

July 20, 1979

Mr. Carter MacGregor
First State Bank
Archer City, TX 76351
Re: Contract Between The Schwarz Co. and Holman Drywall and Paint Co.
Dear Mr. MacGregor:
By request of Mr. John Holman, we are sending this letter as our approval that we, The Schwarz Company write joint checks payable to First State Bank in Archer City and Holman Drywall and Paint Company as joint vendors.
The monthly draws are payable on the tenth of each month for work completed the prior 30 days. The above reference contract is for our project known as: the Tealwood Apartments, 6050 Melody Lane, Dallas, Texas. The contract amount between The Schwarz Company and Holman Drywall and Paint Company is $120,712.79.
If you need any additional information, please let me know.
Sincerely,
/s/ W.O. Henry
W.O. Henry
President

Holman presented the letter and a copy of his contract with Schwarz to the bank and received a line of credit from the bank in the amount of $30,000.00. At the same time, Holman signed a security agreement and executed a promissory note payable to the bank. Schwarz failed to issue any checks payable jointly to the bank and Holman, but instead, issued checks payable solely to Holman or jointly to Holman and one of his suppliers. Holman failed to repay his loan.

The bank argues that it relied on the letter from Henry in advancing Holman a line of credit and that it made a prima facie case of promissory estoppel at trial.

In our review of the trial court's granting of the instructed verdict, we must consider the evidence in the light most favorable to the party against whom the verdict is instructed. *White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 262 (Tex. 1983). Texas has adopted the doctrine of promissory estoppel as set forth in the Restatement of Contracts. *Fretz Construction Co. v. Southern National Bank of Houston*, 626 S.W.2d 478, 480 (Tex. 1981); *Wheeler v. White*, 398 S.W.2d 93 (Tex.1965). The RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1979) provides:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Since an instructed verdict was granted, we must review the entire record to determine if there is any evidence of probative value to support a jury instruction on the issue of promissory estoppel.

█ Presented in the light most favorable to the Bank, the record shows that the Schwarz Company by letter informed the bank that it approved Holman's request to write checks jointly to the bank and Holman. Henry testified that he knew the letter would be delivered to the bank and used to assist Holman in arranging financing. Further, Henry stated that he knew the bank might rely on the promise in the letter to assure that the loan would be repaid. MacGregor, the bank president at the time of the Holman loan, testified that the bank would not have made the loan to Holman without the letter from Schwarz and that he relied on the letter in arranging the Holman financing. Moreover, the joint checks were to be the principal method by which the bank would collect the Holman loan.

We conclude that these facts are sufficient to support a prima facie case of promissory estoppel. *See Fretz Construction Co. v. Southern National Bank of Houston*, 626 S.W.2d 478. Thus, a fact issue is presented for jury determination. Accordingly, we hold that the trial court improperly instructed a verdict against the bank. This error requires us to reverse the cause and remand it to the trial court.

Since a reversal is required by our holding, we need not address the bank's additional points of error. Nevertheless, nothing in our opinion is intended to preclude the bank from pursuing any cause of action it may have based on assignment upon a retrial of the cause. Further, we are urged to consider the trial court's refusal to admit certain evidence and to offer guidance. Recognizing the difficulty of predicating circumstances which may arise upon a retrial affecting the admissibility of evidence, we leave it to the trial court to determine the admissibility of the evidence in question in accordance with the circumstances existing at the time of the tender.

Reversed and Remanded.