**FDP CORPORATION, d/b/a Hair Designers of Houston, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. 01–87–00573–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 7, 1988.

Rehearing Denied May 12, 1988.

Theodore C. Flick, Jon Mercer, Houston, for appellant.

Alex Guevara, Herb Ritchie, Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

Appellant sued alleging deceptive trade practices, negligence, and breach of contract when the advertisement it contracted and paid for did not appear in the 1980 edition of the Southwestern Bell Yellow Pages Directory. After a jury verdict in appellant's favor, but which found no damages, the court entered a take-nothing judgment.

On its deceptive trade practices claim, appellant contends (1) that the jury's finding of no damages is so against the great weight and preponderance of the evidence as to be manifestly unjust; (2) that the evidence established that appellee's breach of warranty was a producing cause of damages; and (3) that the court erred in disregarding the jury's liability findings (i.e. that the warranty was breached and caused damages to the appellant) because the evidence supported these findings. Appellee contends that the evidence showed only a breach of contract.

In January 1980, Max Williams, appellee's salesman, met with Frank Prasek, appellant's president, to sell an ad for the next issue of the Yellow Pages. Prasek testified that he expressed concern that the ad be accurate because of the business' change of address and the fact that a previous ad had listed a wrong address for the business. He testified that Williams assured him that there would be no errors, that he would make sure that the ad was right, that the ad would be published, and that it would draw customers. Prasek agreed to buy a one-eighth page display ad and signed appellee's Application for Directory Advertising, which contained a standard clause limiting its liability to the amount paid for the ad. When the new Yellow Pages appeared in June 1980, appel-

lant discovered that although its business was listed in the alphabetical directory, the one-eighth page ad it had contracted for was not in the directory. Nevertheless, appellant was billed for the display ad, and there was testimony that appellant was told that phone service would be terminated if the bill was not paid in full. Appellant paid the charges for the ad for several months. In January 1981, appellee finally corrected its records and credited appellant's account for all erroneous charges relating to the omitted Yellow Pages ad. Appellant then sued alleging breach of contract, negligence, and breach of warranty under the Texas Deceptive Trade Practices —Consumer Protection Act, Tex.Bus. & Com.Code Ann. sec. 17.41 et seq. (Vernon 1987).

We first address appellee's contention that this was a mere breach of contract case, not a DTPA or negligence claim, and thus appellee's liability was limited by contract to the amount paid for the ad. Because that amount was refunded prior to suit, appellee claims that the jury's finding of no damages was proper, despite the findings of liability on the DTPA breach of warranty issues.

In addition to contractual obligations, a contractor has a duty to perform with care, skill, and faithfulness, the breach of which may give rise to common law negligence liability. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508, 510 (Tex.1947). Additionally, a breach of warranty is actionable under DTPA sec. 17.50.

The DTPA is liberally construed to protect consumers against breaches of warranties, sec. 17.44, and its protection may not be waived. Sec. 17.42. When, as here, an express warranty is made or a promised service is not performed in a good and workmanlike manner, a consumer can sue for breach of warranty under sec. 17.-50. DTPA recovery has been repeatedly allowed on facts like those here. *Martin v. Lou Poliquin Enterprises*, 696 S.W.2d 180, 186 (Tex.App.—Houston [14th Dist.] 1985,

writ ref'd n.r.e.); *Reuben H. Donnelley Corp. v. McKinnon*, 688 S.W.2d 612, 613 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Southwestern Bell Tel. Co. v. Nash*, 586 S.W.2d 647 (Tex.Civ.App.—Austin 1979, no writ); *see generally White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260 (Tex.1983).

■ Because this was a case of a breached express warranty to provide goods or services, appellant could sue under sec. 17.-50, and the contractual limitation of liability was ineffective. Sec. 17.42; *Martin v. Lou Poliquin Enterprises*, 696 S.W.2d at 186; *Hycel, Inc. v. Wittstruck*, 690 S.W.2d 914, 923 (Tex.App.—Waco 1985, writ dism'd).

■ Because the DTPA claim was properly submitted, the jury's findings for appellant on breach of warranty and on causation could be disregarded only if there was no evidence to support them. *Navarette v. Temple Indep. School Dist.*, 706 S.W.2d 308, 309 (Tex.1986). On a judgment non obstante veredicto, we review the record in the light most favorable to the jury's findings, considering only the evidence and inferences that support the finding, and rejecting the evidence and inferences to the contrary. *Id.; Williams v. Bennett*, 610 S.W.2d 144, 145 (Tex.1980).

■ We find more than a scintilla of evidence supporting the jury's findings of liability on the warranty claim. Appellee's salesman stated that the ad would be published correctly, would draw new customers, and would be valuable. Appellant's president specifically mentioned his concern that the ad be correct, because of a previous error in the business' address and because the address had recently changed, and appellee's salesman reassured him. This supported the jury's finding that omitting the ad was a breach of warranty. Point of error three is sustained.

Appellant contends in points of error one and two that the evidence supported the jury's finding that the breach of warranty caused the appellant's damages, but it contends that the jury's finding of no damages was against the great weight and preponderance of the evidence.

The DTPA allows recovery of "actual damages" produced by a breach of warranty. Tex.Bus. & Com.Code Ann. secs. 17.-50(a)(2), 17.50(b)(1). The Act does not define "actual damages," but it has been construed to mean common law damages, *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 939 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980); *see also Kish v. Van Note*, 692 S.W.2d 463, 466 (Tex.1985). Lost profits are allowed as DTPA damages. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260; *Martin v. Lou Poliquin Enterprises*, 696 S.W.2d at 187.

■ "Producing cause" under the DTPA does not include the element of foreseeability (as does proximate cause), so a consumer need only prove the amount of damages actually caused by the DTPA violation. *Hycel, Inc.*, 690 S.W.2d at 922; *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455, 461 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ In deciding a "great weight" point, we consider all the evidence on damages, both supporting and contrary to the finding. The finding will be upheld unless it is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Evidence showed that appellant kept detailed records of its customers, recording their names, addresses, source of referral, and listing the dates of visits, the services performed, and the amount spent per visit to the shop. There was expert testimony that appellant could calculate its lost profits from this data, using a commonly accepted accounting method called linear regression analysis. *See White v. Southwestern Bell Tel. Co.*, 651 S.W.2d at 262, where the customer also used linear regression analysis. From the number of customers whose source of referral was the Yellow Pages, appellant could determine how many new customers its ad brought in each year, how often they came to the shop, and how much money they

spent. Adjustments were made for varying profit margins on services and products, as well as for average turnover rate of Yellow Pages customers.

Evidence on cross-examination showed that the shop's name, address, and phone number generally appeared in the Yellow Pages' alphabetical listing in addition to the display ad, and that the customers' cards did not distinguish between referrals from the listing and referrals from the display ad. Thus, because only the display ad was omitted in 1980, the jury could have inferred that some customers were still being referred by that year's alphabetical listing. However, there was also evidence that potential customers would look first to, and more likely be referred by, the larger display ads than the listing.

Appellant presented evidence of its customer information for several years before 1980, the year when the ad did not appear, and for several years after 1980. The bookkeeper who kept the records testified about their accuracy and how the records were kept. Appellant's accountant explained that accurate projections could be made, based on these records. Although appellee's evidence showed that 1980 was one of appellant's most profitable years, appellant presented evidence that 125 fewer new customers came to the business than could have reasonably been expected had the display ad appeared. There was evidence that the average customer in 1980 made 10 visits to the shop and spent $16 per visit. Using this average that was based on the shop's customer records, appellant presented evidence of a loss of $94,-683 over a period of 20 years. There was evidence that this was a reasonable period of time over which to make a loss projection.

Given this extensive evidence of damages and the dearth of contrary evidence, we find that the jury's finding of no damages was against the great weight and preponderance of the evidence. Points one and two are sustained.

Appellee's cross-point, alleging that the DTPA claim was groundless, thus entitling it to attorney's fees under the DTPA, is overruled.

We need not rule on point of error four.

The judgment of the trial court is reversed, and the case is remanded for a new trial.