**Loyce L. CLICK, Sarah Click Troup, Joyce Click Holton, George Wayne Click, and the Estate of George Click, Appellants,**

**v.**

**OWENS–CORNING FIBERGLASS CORPORATION and Pittsburgh Corning Corporation, Appellees.**

No. 14–93–00881–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 4, 1995.

Rehearing Overruled June 1, 1995.

Concurring Opinion on Overruling of Rehearing June 1, 1995.

Rehearing Overruled June 8, 1995.

Richard N. Countiss, John E. Williams, Jr., Eric Bogdan, Houston, for appellants.

Thomas W. Taylor, Kevin F. Risley, Houston, Nicholas S. Baldo, Beaumont, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a directed verdict for appellees, Owens–Corning Fiberglass Corporation and Pittsburgh Corning Corporation. The trial court held that there was no evidence that appellees supplied the asbestos products that caused or contributed to George Click's death, and rendered a take nothing judgment for appellants. In two points of error, appellants assert that the trial court erred in rendering a directed verdict that appellants take nothing, because they presented some evidence that appellees supplied products which caused or contributed to George Click's death. We reverse and remand.

Appellants, the widow and children of George Click, sued appellees, asbestos manufacturers, for his wrongful death. George Click was employed for over thirty years as an insulator for Marathon Oil Co. He installed and removed asbestos insulation from pipes. He died from mesothelioma, a form of cancer caused only by exposure to asbestos. Also, he exhibited other pulmonary problems commonly caused by asbestos exposure.

■ In an appeal from a directed verdict, an appellate court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978). If there is any conflicting evidence of probative nature in the record, a determination of the issue is for the jury. *White v. Southwestern Bell Tel. Co.,* 651 S.W.2d 260, 262 (Tex.1983). Here, after appellants rested their case, appellees asserted that there was no evidence that they supplied the asbestos products which caused or contributed to George Click's death. The trial court directed a verdict in favor of appellees and, appellants perfected this appeal.

■ A fundamental principle of products liability law requires the plaintiff to prove that the defendants supplied the product which caused the injury. *Gaulding v. Celotex Corp.,* 772 S.W.2d 66, 68 (Tex.1989). It is difficult to determine exactly which exposure to asbestos is the cause of an asbestos-related cancer. Thus, appellants have met their burden of proof if they have some evidence that appellees supplied any of the asbestos to which George Click was exposed. *Celotex Corp. v. Tate,* 797 S.W.2d 197, 204 (Tex. App.—Corpus Christi 1990, no writ).

Appellees urge us to adopt the Lohrmann test which states, "To support a reasonable

inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time actually worked." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir.1986). This test, frequently called the "frequency, regularity, and proximity test," was applied in Texas law by the Fifth Circuit as the minimum showing of the producing cause in asbestos cases. *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 171 (5th Cir. 1991).

We find no case, and appellees cite us to none, in which a Texas state court "adopts" the Lohrmann test. However, our sister court in Dallas "applied" the frequency, regularity and proximity test, while specifically stating they decline to "adopt" the Lohrmann standard. *Keene Corp. v. Gardner*, 837 S.W.2d 224, 227 (Tex.App.—Dallas 1992, writ denied). In applying the Lohrmann standard, appellants may prove frequency, regularity and proximity by showing that George Click frequently and regularly worked in proximity to appellees' products such that it is likely that he inhaled appellants' asbestos fibers.

■ In the present case, it was alleged that George Click's mesothelioma was not caused by one defendant's product. The record reflects that many companies supplied asbestos containing products to Marathon Oil Co., while George was working there and being exposed. Specifically, the evidence reflects that George Click was exposed to asbestos containing products manufactured by appellees over a long period of time. Donald Barron, an employee who worked alongside George Click, testified that appellees' products were used at Marathon Oil Co. to insulate pipes since he started working there in 1965. He stated that it flew everywhere as it was fitted around the pipes. George Click was a pipe fitter for Marathon Oil Co. and used all of the products there from 1944 until 1976. However, Barron was unable to specifically state that he saw George Click installing appellees' products. George Click insulated pipes for an extended period of time with asbestos-containing products, appellees' products were used by his company

for many years to insulate pipes, and appellees' products were seen near George Click. The evidence that George Click was actually exposed to appellees' products is circumstantial. However, some evidence existed that appellees supplied the products that caused or contributed to George Click's death. A reasonable jury could conclude that George Click, more probably than not, inhaled asbestos fibers from appellees' products. We find that circumstantial proof of exposure to appellees' products is sufficient to withstand a directed verdict.

Accordingly, we reverse and remand for trial.

EDELMAN, J., concurs in the result only.

## CONCURRING OPINION ON MOTION FOR REHEARING

EDELMAN, Justice, concurring.

A further clarification of the Court's opinion may be helpful to avoid misunderstanding. Importantly, the opinion does not reverse the directed verdict merely because appellant's product was used somewhere at the plant sometime during the period Mr. Click worked there. Instead, Mr. Barron testified that: (1) he worked next to Mr. Click at the plant for many years; (2) Mr. Click installed asbestos containing pipe insulation at the plant during that time; (3) Mr. Barron saw boxes of appellant's asbestos-containing pipe insulation products in the specific area where he and Mr. Click were working; and (4) Mr. Click worked with all of the pipe insulation materials at the plant. Based on these facts, there is a strong enough inference that Mr. Click actually worked with appellant's products to overcome a directed verdict and submit the issue to a jury.