In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-154 CV


____________________



KARL OSZCZAKIEWICZ, Appellant



V.



RICHARD STEPHEN FITZHENRY D/B/A KING ARTHUR'S PUB, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-165263






MEMORANDUM OPINION



 Appellant Karl Oszczakiewicz sued Timothy Wayne Smith and Richard Stephen
Fitzhenry, doing business as King Arthur's Pub, for personal injury. Appellant obtained a
default judgment against Smith. The default judgment stated, "Smith beat [appellant] and
[appellant] obtained multiple fractures on his face[.]" The judgment awarded appellant
$3,000,000 in actual damages and $10,000,000 in punitive damages for Smith's liability. 
The case against Fitzhenry was tried to a jury. (1) At the conclusion of the evidence, the trial
judge granted a motion for an instructed verdict in Fitzhenry's favor. 

Background


 Appellant was a customer at King Arthur's Pub and was in the bar when Smith
arrived. Smith said, "[H]i. How are you doing[?]," and then walked by and sat down. About
five minutes later, Smith heard appellant call him a vulgar name. Smith stated he just looked
at appellant and "kind of blowed . . . it off, you know. And then wasn't even two minutes
after," appellant said the vulgar name again. Smith testified he stood up, and the bartender
grabbed him and "brought [Smith] to the bathroom." The bartender told Smith "[t]hey [were]
making [appellant] leave." The time was around 9:30 p.m. When Smith came out of the
bathroom, appellant was gone, and Smith sat back down with his friends and drank beer. 
"[W]e figured everything was over." The bar closed at midnight, and Smith and his female
friend left. While they were in the parking lot, "a black Chevrolet truck comes whipping in.
. . . [Appellant] jumps out of his truck, comes around the truck; and he has a shotgun." 
Appellant stated, "Now I'm as big as you, you [s.o.b]." Smith stated, "[Appellant] pointed
the gun, bounced it off my forehead." Smith's female friend "started hollering at
[appellant]." When appellant looked toward her, Smith "pulled the shotgun from him[.] I
hit -- he charged me, I popped him and he laid on the ground." Smith testified he hit
appellant in the face with the shotgun. After calling 911, Smith waited for the ambulance
and police to arrive. Smith testified he was protecting himself and his friend. 

 Richard Fitzhenry testified he had one employee working at the bar that night. He
does not employ a security guard. He indicated he has never had a reason to employ a guard,
and he has never had an incident involving an assault after closing hours. The bar's policy
is that if a person causes an altercation in the bar, "[w]hoever instigates the situation gets
barred for good." He also indicated the parking lot is well lit. 

Exclusion of Evidence


 

 On appeal appellant complains of the trial court's exclusion of "Exhibit D," which
appellant described as "pictures of the personal injuries." We review a trial judge's decision
to admit or exclude evidence under an abuse of discretion standard. Tex. Dep't of Transp.
v. Able, 35 S.W.3d 608, 617 (Tex. 2000). Fitzhenry objected to the photographic evidence
on lack-of-predicate grounds, and the trial judge sustained the objection. A photograph's
admissibility is conditioned upon its identification by a witness as an accurate portrayal of
the facts, and on verification by that witness, or a person with knowledge, that the
photograph is a correct representation of such facts. Davidson v. Great Nat'l Life Ins. Co.,
737 S.W.2d 312, 314-15 (Tex. 1987). Appellant's mere request to have the photographs
admitted does not lay the proper predicate for admissibility. Appellant points out that he
filed the photographs in "Exhibit D" with the District Clerk's office. However, the filing of
documentary records does not obviate the need to lay the proper predicate when offering the
photographs or other documents into evidence at trial. 

 Appellant also argues that since the trial court considered this documentary evidence
in the default judgment hearing at which Smith's liability was established, the trial court
should take notice of that evidence in the proceeding against Fitzhenry. Appellant did not
make this argument during trial and has not preserved it for appeal. See Tex. R. App. P.
33.1(a). Moreover, the default judgment proceeding sought to establish liability against
Smith only. There, appellant testified to a different account of the night's events from that
testified to by Smith at the trial here. The evidence presented to the trial judge at the default
judgment hearing against Smith is not automatically admitted at the subsequent jury trial
against Fitzhenry. Here, appellant sought to establish Fitzhenry's liability, and he had the
burden of presenting evidence to the jury to prove his case. Appellant failed to lay the proper
common law predicate for admission of the photographs into evidence. Fitzhenry objected
to the admission of the photographs on that ground, and the trial judge properly excluded
them.

 Appellant also complains he did not receive notice of the severance of the default
judgment against Smith. We find no severance order in the record. Furthermore, appellant
does not demonstrate harm from a severance if there had been one. Appellant may be
arguing that if he knew the default judgment had been severed, he would have also known
he needed to put forward his evidence at the trial against Fitzhenry. His problem, however,
has nothing to do with severance or notice of severance. His problem is that although he
sought to admit evidence at the jury trial from the prior hearing, he did not lay the proper
predicate for admissibility. The trial court properly excluded the evidence. 

Directed Verdict


 Appellant also complains of the directed verdict granted by the trial court at the
conclusion of the testimony. The basis for the directed verdict motion was the lack of
evidence "on damages or [on the] cause of action. . . ." A trial court may direct a verdict
when a plaintiff fails to present evidence raising a fact issue essential to a right of recovery. 
Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). In
reviewing the trial court's directed verdict, we consider all the evidence in a light favorable
to appellant's claims. See White v. Sw. Bell Tel. Co., 651 S.W.2d 260, 262 (Tex. 1983). If
the record contains any "conflicting evidence of probative nature," the jury should resolve
the issue, and a directed verdict is improper. Id.

 Appellant's petition alleged Fitzhenry failed to provide adequate security and to
employ an adequate and safe number of employees, failed to employ security guards, and
failed to provide adequate egress and ingress on the premises. Appellant pled general
negligence and premises liability claims. The claims require a showing that Fitzhenry's acts
or omissions proximately caused appellant's injuries. See W. Invs., Inc. v. Urena, 162
S.W.3d 547, 550-51 (Tex. 2005). 

 The trial record includes no testimony from appellant. Only Smith and Fitzhenry
testified, and their testimony does not indicate Fitzhenry caused appellant's injuries. 
Pursuant to the bar's policy, the bar's employee made appellant leave. There was no fight
in the bar and appellant left the premises. Smith remained in the bar for approximately two
and one-half hours. The bar had no security guard because Fitzhenry had never needed one.
No assault had ever occurred on the premises after closing hours. The bar closed and Smith
left. Appellant drove into the bar's parking lot at midnight and, while brandishing a shotgun,
charged Smith. When appellant, with shotgun in hand, turned toward Smith's friend, Smith
grabbed the shotgun and used it to strike appellant in the face. There is no evidence that
Fitzhenry or his agents or employees did or did not do anything that proximately caused
appellant's injuries. 

 Appellant also appears to complain of the trial court's failure to find Fitzhenry liable
under the Texas Alcoholic Beverage Code, but there is no pleading or proof under that
statute. There is no evidence Smith was intoxicated to the point he posed a danger to himself
or others, or that intoxication was a proximate cause of the injury. Other complaints are not
founded in the record. (2)
 

 Appellant also claims the directed verdict denied his constitutional right to a jury
verdict. Rule 265(b) of the Texas Rules of Civil Procedure requires the party who has the
burden of proof to introduce his evidence to the jury. Tex. R. Civ. P. 265(b). However, the
trial judge may direct a verdict if a plaintiff fails to present evidence raising a fact issue
essential to his right of recovery. Prudential Ins. Co., 29 S.W.3d at 77 (citing Latham v.
Castillo, 972 S.W.2d 66, 67-68, 70-71 (Tex. 1998)). Appellant presented no evidence raising
a fact issue on Fitzhenry's liability. We overrule appellant's issues and affirm the judgment.

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on April 26, 2006

Opinion Delivered June 29, 2006


Before Gaultney, Kreger, and Horton, JJ.



1. Oszczakiewicz appeared pro se at trial and on appeal.
2. Appellant complains "[a]ll exhibits were compromised during pretrial, no evidence
was allowed to be seen by the jury." This is a variation of his complaint regarding the trial
judge's exclusion of the photos. Fitzhenry's motion in limine did not preclude appellant
from offering evidence at trial, and appellant did so. Appellant did not lay the proper trial
predicate for admission of the photos. Appellant contends Smith gave false information to,
and ran from, authorities. No evidence supports this claim, and it has no bearing on
appellant's claim of Fitzhenry's liability. Appellant claims Fitzhenry avoided authorities,
and the trial court ordered substituted service. There is no evidence the reason for substituted
service was Fitzhenry's avoidance of service. Appellant maintains he was left permanently
disabled "with no means for professional counsel." The record shows appellant had trial
counsel, but trial counsel withdrew with appellant's agreement.