

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00677-CV

**SMOOTH SOLUTIONS LIMITED PARTNERSHIP**,
Appellant

v.

**LIGHT AGE, INC.**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-13168
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena Chapa, Justice

Delivered and Filed:  June 26, 2013

REVERSED AND REMANDED

Appellant Smooth Solutions Limited Partnership brought suit against appellee Light Age, Inc., alleging claims for breach of contract, breach of warranty, and violation of the Texas Deceptive Trade Practices Act ("DTPA").  Light Age filed a counterclaim for breach of contract and fraud.  A jury answered "no" to all the submitted liability questions, and the trial court rendered a take nothing judgment as to each party based on the jury's verdict.  Smooth Solutions appealed to this court, arguing the trial court erred in refusing to submit its breach of contract question to

the jury.  Upon review, this court affirmed the majority of the judgment, but reversed and remanded as to a portion of Smooth Solutions's breach of contract claim.

Upon remand, Light Age filed a no evidence motion for summary judgment, which was denied by the judge who had presided over the original jury trial.  However, when the matter was assigned to another judge for trial, Light Age reurged its no evidence motion for summary judgment, and the judge granted it.  In the present appeal, Smooth Solutions contends the trial court erred in granting Light Age's no evidence motion for summary judgment.  We reverse and remand.

## BACKGROUND

This is the second appeal to this court in this dispute between Smooth Solutions and Light Age.  Accordingly, we take much of the factual and procedural background from our previous opinion:

> Smooth Solutions is a laser hair removal company.  In 2001, its founder, Dr. Steven Finder, contacted Light Age, which manufactures and sells laser hair removal machines, to inquire about equipment.  Light Age stated it could provide Smooth Solutions with more reliable, less expensive equipment for laser hair removal. Light Age provided Smooth Solutions with quotes for machinery, attachments, and a two-year service contract.  Smooth Solutions agreed to the second quotation provided by Light Age, which provided for the purchase of two machines, with the understanding that it would only be purchasing one machine.
>
> Light Age installed the machine, which Smooth Solutions paid for "in full."  The day after installation, Smooth Solutions began experiencing problems.  On the first day of use, the power supply to the machine exploded and smoke poured out, forcing Smooth Solutions to evacuate its clinic.  Smooth Solutions returned the machine and Light Age repaired it, but it was dropped during shipping–a fact Light Age did not disclose to Smooth Solutions.  Smooth Solutions continued to have problems with the machine and reported this to Light Age.  After months of problems and insufficient response by Light Age, Dr. Finder called Light Age to sever the business relationship.  Light Age agreed the machine was not performing properly and made several promises in an attempt to preserve the relationship with Smooth Solutions.  The promises included providing Smooth Solutions with a "backup" machine, to be used when the original machine was inoperable, and an

agreement "to extend [Smooth Solutions's] warranty two years at no additional cost."

Light Age sent a second machine, but it was not identical to the first and lacked some features necessary for the treatment of Smooth Solutions's clients. However, by using both machines, Smooth Solutions was able to keep most scheduled appointments until the day both machines temporarily stopped functioning. Each machine required a password to operate. The passwords changed periodically and Light Age failed to provide Smooth Solutions with the updated passwords. This occurred on a Saturday and no one from Light Age was available to provide the necessary passwords. When Dr. Finder was notified, he testified he immediately contacted the Light Age CEO and demanded the passwords be removed. According to Dr. Finder, the CEO agreed, but the passwords were never removed.

Around this same time, Light Age was failing to respond timely to repair requests, instructing Smooth Solutions to use the backup machine instead of sending a repair technician. Dr. Finder called Light Age to end the relationship and negotiate the return of both machines. Light Age apologized and asked for another chance. Dr. Finder agreed and Light Age began responding to repair requests in a more timely manner. But according to Dr. Finder, the reliability of Light Age's machines was not as good as machines provided by other vendors.

When the original two-year warranty was about to expire Dr. Finder suggested a three-month trial period during which Light Age would service the machines and keep track of costs, even though Light Age had agreed to provide an additional two-year warranty at no cost. In exchange, Smooth Solutions would pay Light Age $3,900. At the end of the trial period, Light Age claimed it had spent $5,000 servicing the machines. At this time, Light Age demanded that Smooth Solutions pay $36,000 for an additional one-year warranty on the machine. Smooth Solutions refused, so Light Age refused to service the machines or provide the necessary passwords to operate the machines. Once the passwords expired, the machines ceased to operate. Smooth Solutions requested the service manual for the machines, but Light Age refused unless Smooth Solutions paid $25,000–the amount Light Age claimed was owed for the second machine in the second quotation. Light Age ultimately demanded payment of $96,750 and threatened legal action. Smooth Solutions refused to pay and filed suit; Light Age counterclaimed.

Following a nine-day jury trial, the jury answered "no" to all liability questions. The trial court entered a take-nothing judgment based on the verdict. Smooth Solutions appealed. In a single issue, Smooth Solutions claim[ed] the trial court erred in refusing to submit its breach of contract question to the jury and that the refusal was harmful. Light Age argue[d] there was no error because the breach of contract claims pled by Smooth Solutions were subsumed within the breach of warranty question submitted to the jury.

*Smooth Solutions Ltd. P'ship v. Light Age, Inc.*, No. 04-08-00093-CV, 2009 WL 1804846, at *1– *2 (Tex. App.—San Antonio June 24, 2009, no pet.) (mem. op.).

Upon review, this court found that as to its breach of contract claim, Smooth Solutions pleaded and presented evidence that Light Age: (1) failed to provide a reliable machine, (2) failed to provide a machine with the requested specifications, (3) failed to provide a machine that functioned as promised, (4) failed to provide an additional two-year warranty as promised, and (5) failed to remove the password on the machine as promised. *Id.* at *3. We held these first three contentions were subsumed within the breach of warranty question posed to the jury. *Id.* at *4. However, we held the remaining contentions–failure to provide the additional warranty and remove the password–were not subsumed within the breach of warranty question, and Smooth Solutions was entitled to a jury question on breach of contract based on these claims. *Id.* at *4. We further held the trial court's refusal to permit a jury question on Smooth Solutions's breach of contract claim was harmful because it denied Smooth Solutions the right to submit a controlling issue that was pled and supported with evidence. *Id.* at *5.

In sum, we held the trial court erred in refusing to submit Smooth Solutions's breach of contract question and that the error was harmful. *Id.* We therefore sustained Smooth Solutions's issue, reversed the portion of the judgment stating Smooth Solutions was to take nothing on its breach of contract claim, and remanded the matter back to the trial court "for further proceedings on that claim." *Id.* We affirmed the remainder of the take nothing judgment. *Id.*

Upon remand, Light Age filed a no evidence motion for summary judgment. The parties appeared before the judge who presided over the original trial. The judge denied the no evidence motion for summary judgment. Thereafter, under the Bexar County presiding system, the retrial was assigned to another judge. Before the case was tried, the parties engaged in a vehement

argument concerning what evidence was relevant to the remanded breach of contract claim. Thereafter, the judge stated, "I just wonder if the case is in the proper posture to try it again as opposed to making a ruling that summarily disposes of the case and then – then it goes up to the Court of Appeals and then we find out exactly what they meant by what they wrote and what they addressed and wasn't addressed."

A review of the prior opinion from this court shows we remanded the case for further proceedings specifically on Smooth Solutions's breach of contract claim based on the two alleged failures of Light Age to provide an additional two-year warranty and to remove the password from the machine. *See id.* This court was not called upon to discuss the admissibility of evidence or anything else related to an actual trial on the breach of contract issue. Rather, the only issue before this court was whether Smooth Solutions had any breach of contract claims independent of its breach of warranty claims and evidence of such claims, entitling Smooth Solutions to a jury question. *See id.* We held that it did. *See id.*

Despite our prior opinion, the judge determined that granting Light Age's motion for summary judgment was the proper course of action, stating: "So, I think the best way to do this is to grant the no evidence motion for summary judgment . . . then you can take it up on appeal without going through the trial and let the Court of Appeals more clearly delineate what it is they're thinking. Because without any damage – damages evidence being admissible, then there's no way that the case can be tried." We again note that the prior appeal did not raise any issue relating to the admissibility of damages evidence, and this court did not consider or make any holdings relative to the admissibility of damages.

After the trial court signed the order granting Light Age's motion for summary judgment, Smooth Solutions perfected this appeal, contending the trial court erred in granting judgment in favor of Light Age.

## ANALYSIS

### *Law of the Case*

Before we begin our analysis, we must deal with Light Age's contention that the law of the case doctrine does not apply. We hold Light Age is correct, but not for the reasons stated in its brief. According to Light Age, in the first appeal, Smooth Solutions merged two separate warranties underpinning this case. Light Age did not correct this issue in the first appeal as it did not include a statement of facts in its appellate brief, allowing this court to take as true the facts stated in Smooth Solutions's brief. Light Age blames this on Light Age's former appellate counsel. Light Age contends the existence of two warranties affects the present appeal, and given our prior opinion did not consider the existence of two warranties, our prior opinion is "clearly erroneous," precluding application of the doctrine of law of the case. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716–17 (Tex. 2003) (quoting *Conn. Gen. Life Ins. Co. v. Bryson*, 148 Tex. 86, 219 S.W.2d 799, 800 (1949)).

"The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20 (Tex. App.—San Antonio 2006, pet. denied) (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986)); *see Briscoe*, 102 S.W.3d at 716. "By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency." *Id.* "The doctrine is based on public policy and is aimed at putting an end to litigation." *Id.* "*The doctrine of the law*

*of the case only applies to questions of law and does not apply to questions of fact.*" *Id.* (emphasis added).

Whether there was one extended warranty or two is a question of fact. Accordingly, the law of the case doctrine does not apply in this regard. *See id.* Moreover, whether there were one or two warranties was not an issue presented to this court in *Smooth Solutions I*, and therefore, was not determined by this court, precluding an application of the doctrine. Accordingly, we will review the no evidence summary judgment without reference to the law of the case doctrine as it relates to the existence of one or two warranties.

### *No Evidence v. Traditional Motion for Summary Judgment*

We must also address Smooth Solutions's contention that Light Age's motion was a traditional, rather than a no evidence motion for summary judgment. This determination is necessary as it affects the burden of proof and the standard of review.

Light Age contends it filed a no evidence motion for summary judgment. Smooth Solutions counters that although titled a no evidence motion, Light Age attached nearly one thousand pages of documentation in support of the motion. Smooth Solutions contends the motion is actually a traditional motion for summary judgment, requiring Light Age to prove it was entitled to judgment as a matter of law before Smooth Solutions was required to raise any issue of fact. We disagree with Smooth Solutions's contention.

A no evidence summary judgment motion that attaches evidence should not be disregarded or treated as a traditional summary judgment motion. *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 63 (Tex. App.—San Antonio 2010, no pet.) (citing *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004)). In its motion for summary judgment, Light Age states it is entitled to summary judgment on the "breach of contract cause of action, because Smooth Solutions cannot prove damages."

Therefore, Light Age asserts there is "no evidence of one or more essential elements of a [breach of contract] claim." *See Binur*, 135. S.W.3d at 651; *see also* TEX. R. CIV. P. 166a(i) (noting party may move for summary judgment on ground there is no evidence of one or more essential elements of claim or defense). Accordingly, we hold Light Age filed a no evidence motion for summary judgment and we will review it under the applicable standard.

### *Standard of Review*

A no evidence motion for summary judgment under rule 166a(i) is essentially a motion for a pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claims. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The motion must specifically state the elements for which there is no evidence. *Id.* The trial court is required to grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence that raises a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

### *Dr. Fairchild's Opinion and Testimony*

This case was remanded for a retrial on: (1) whether Light Age was liable for breach of contract for failure to provide an additional two-year warranty; and (2) whether Light Age was

liable for breach of contract for failing to remove the passwords from the machines. *Smooth Solutions Ltd. P'ship*, 2009 WL 1804846, at *2.[1]

In its summary judgment motion and on appeal, Light Age challenges only one sub-element of Smooth Solutions's breach of contract claims: evidence of future lost profit damages.[2] In response, Smooth Solutions provided evidence of future lost profits damages from economist Dr. Keith Fairchild. Light Age contends this is no evidence because Dr. Fairchild's opinions and testimony are not "competent evidence of lost profits."

Recovery for lost profits does not require the loss be susceptible to an exact calculation. *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex. 2010) (quoting *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992)). "However, the injured party must do more than show that they suffered some lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty." *Id.* The supreme court has emphasized that:

> What constitutes reasonably certain evidence of lost profits is a fact intensive determination. As a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained. Although supporting documentation may affect the weight of the evidence, it is not necessary to produce in court the documents supporting the opinions or estimates.

*Id.*

---

[1] Light Age requests this court reconsider its prior 2009 opinion. After this court issued its 2009 opinion, Light Age sought no challenge in the form of a motion for panel rehearing, a motion for en banc reconsideration, or a petition for review to the Texas Supreme Court. More importantly, Light Age did not present this request or complaint to the trial court. Accordingly, we hold Light Age's request to challenge this court's prior opinion is untimely and waived. *See Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 73–74 (Tex. App.—San Antonio 2011, no pet.) (noting failure to raise argument at trial or in post-trial motions is waived); TEX. R. APP. P. 33.1.

[2] Light Age contends the extended warranty issue remanded by this court to the trial court dealt with two separate warranties, and that Smooth Solutions's damages relate to a warranty of "non-consumables" that never came into existence. However, because this argument was not addressed in Light Age's no evidence motion for summary judgment, and therefore not ruled on by the trial court, we will not address it. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex. 1979) (noting movant's contentions for summary judgment must be expressly presented in written motion, presented to trial court, and proven as to all elements of cause of action).

Light Age relies heavily on this court's prior opinion in *Total Clean, LLC v. Cox Smith Matthews, Inc.*, 330 S.W.3d 657 (Tex. App.—San Antonio 2010, pet. denied). In that case, we held Dr. Fairchild's opinion was not "reasonably certain" evidence of lost profits. *Id.* at 667. However, we hold *Total Clean* is distinguishable from this case, and the fact that Dr. Fairchild's opinion was insufficient in *Total Clean* does not automatically render his opinion in this case no evidence.

In *Total Clean*, a venture group constructed and began operating a commercial truck wash in San Antonio. *Id.* at 659. Before the wash was complete and ready for business, the group filed a breach of contract suit based on the quality of the truck wash system, seeking lost profits for the start-up operation. *Id.* Before the jury trial, Total Clean settled based on the advice of its lawyers; but, information discovered later caused Total Clean to sue its lawyers. *Id.* In that suit, the plaintiff hired Dr. Fairchild to provide an opinion about profits that would have been earned had the commercial wash been constructed. *Id.* at 664. Because the commercial wash had no history of revenues, Dr. Fairchild was required to make assumptions about the revenues that would have been generated in the commercial wash's first five years of operations. *Id.* Then, upon request of plaintiff's counsel, Dr. Fairchild revised his opinion based on the assumption that the business in question was not a start-up operation but had been in operation for eighteen months. *Id.*

This court held Dr. Fairchild's opinion was insufficient evidence of lost profits because it was based on "an assumption that is contrary to the undisputed facts," and was therefore "unreliable and ha[d] no probative value." *Id.* at 664–65. This court also held Dr. Fairchild's opinion was no evidence because his projected volume of car washes was based on figures that were unverifiable and not "based on objective facts, figures, or data." *Id.* at 668.

In this case, however, Light Age concedes that Smooth Solutions is not a start-up operation. Despite Light Age's contention that Smooth Solutions is a "risky business venture," the facts establish Smooth Solutions has years of experience in the laser hair removal industry, as well as the years of revenue experienced by Smooth Solutions before it contracted with Light Age. *See Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 280 (Tex. 1994) (noting newly-formed business that had succeeded despite short operation was not barred from claiming lost profits as a "risky business venture"). Therefore, contrary to the business Dr. Fairchild was asked to review in *Total Clean*, the record in this case shows Smooth Solutions is a company with experience, knowledge, and prior financial and business history.

Light Age also contends that Dr. Fairchild's opinion "consists entirely of conclusory statements unsupported by any [evidence]." *See United Servs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 463 (Tex. App.—Dallas 2005, no pet.) (holding expert opinion is conclusory when it is given with no factual substantiation). Smooth Solutions counters that contrary to Light Age's contention and Dr. Fairchild's opinion in *Total Clean*, in this case Dr. Fairchild's opinion was based on objective facts and data. *See Total Clean, LLC*, 330 S.W.3d at 663 (noting objective facts, figures or data must form basis for opinions or estimates of amount of loss ascertained). Dr. Fairchild testified Smooth Solutions provided him with financial information regarding their operations. Dr. Fairchild testified he took this information "into account," "analyzed the revenues," and ultimately determined "statistically how much [Smooth Solutions] lost per day as a result of the down days" when the laser machine was not working.

Furthermore, Smooth Solutions contends that unlike *Total Clean*, where there was no history of earnings to rely upon, here Dr. Fairchild's opinion was based on the actual profits achieved before Light Age's breach of contract. Our review of the summary judgment evidence

confirms Smooth Solutions's assertion. Dr. Fairchild testified he relied on 25-months worth of income statements for his opinion, as well as profit-loss statements, six-years worth of monthly billing statements from Smooth Solutions's location where Light Age's machine was used, and the fixed costs incurred by Smooth Solutions. We hold this information is "competent evidence with reasonable certainty." *See id.* at 663; *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 504 (Tex. 2001) (noting damages can be shown with reasonable certainty by profit history or some other objective data such as future contracts); *White v. Sw. Bell Telephone Co.*, 651 S.W.2d 260, 262 (Tex. 1983) (noting pre-existing profits are admissible to show projected lost profits with reasonable certainty).

Dr. Fairchild's opinion also took into account the number of days the machine was inoperable, which was recorded in a chart created by Smooth Solutions's executive director of capital equipment, Asa Christensen. To create this chart, Christensen tracked the days of the machine's inoperability based on the lack of warranty work and based on the failure of Light Age to provide a password, the two claims this court remanded back in the previous appeal. Although Light Age claims this information is unverifiable, the credibility of a witness and the data he presents should be left to the jury. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) (noting jury alone determines credibility of witnesses, weight to be given their testimony, and whether to accept or reject all or part of their testimony).

Therefore, our review of the record shows that Dr. Fairchild's opinion was not conclusory, but was based on objective data, and was sufficient to raise a fact issue as to Smooth Solutions's lost profit damages. *See White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 261 (Tex. 1983) (reversing directed verdict granted on lost profits claim because evidence included prior sales data, as well as testimony of accountant using linear regression analysis to determine lost

profits); *Bright v. Addison*, 171 S.W.3d 588, 602–03 (Tex. App.—Dallas 2005, pet. denied) (expert witness testimony was sufficient to support lost profits where expert used actual data from operating casinos in calculations). Any disagreement Light Age may have with Dr. Fairchild's opinion does not render it incompetent evidence. The jury should make the determination of what weight to give to his testimony. *See Amelia's Auto., Inc. v. Rodriguez*, 921 S.W.2d 767, 771–72 (Tex. App.—San Antonio 1996, no pet.) (sustaining lost profit award based on owner's testimony about established business, invoices for prior work and income received, documentation regarding costs incurred, and amount of time tow truck was unusable). Accordingly, we hold the trial court erred in granting Light Age's no evidence motion for summary judgment because Smooth Solutions, through Dr. Fairchild, presented more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the sole damage issue challenged by Light Age in its no evidence motion for summary judgment. *See Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711.

### *Dr. Finder's Testimony*

Smooth Solutions also presented evidence on damages arising from Light Age's alleged breach of contract through the testimony of its limited partner, Dr. Steven Finder. Dr. Finder testified about past lost profits Smooth Solutions incurred from June 2004, when the machines were inoperable because Light Age refused to remove the passwords or service the machines. Dr. Finder also testified about future lost profits, including Smooth Solutions being deprived of six to eight years of the ten-year lifespan of the Light Age machine, and testified on the cost of purchasing a replacement machine worth $70,000, as well as the cost of the unusable laser machine, and the trial and appellate attorney's fees incurred. Thus, we hold Dr. Finder's testimony was some evidence that precluded summary judgment in favor of Light Age on the issue of future lost profits. *See id.*

### *Relief Granted by Trial Court*

In addition to challenging the summary judgment on future lost profits, Smooth Solutions contends the trial court's summary judgment order is overbroad because it granted more relief than requested by Light Age in its no evidence motion for summary judgment. We agree.

Although Smooth Solutions's live pleading requested several forms of recoverable damages, including "all actual damages and attorney's fees, all statutory damages and penalties, exemplary damages," among others, Light Age's no evidence summary judgment motion challenged only one damage element of Smooth Solutions's breach of contract claims: evidence of future lost profit damages. The trial court's order specified it was granting Light Age's no evidence summary judgment motion and entering an order that "disposes of all claims associated with this case, dismisses this case, and that Plaintiff, Smooth Solutions Limited Partnership, take nothing against Defendant, Light Age, Inc." However, this was more relief than Light Age requested in its no evidence motion for summary judgment. Accordingly, the trial court could not properly grant summary judgment on all the damages pled by Smooth Solutions. We reverse and remand the matter to the trial court. *See Ken Petroleum v. Questor Drilling*, 24 S.W.3d 344, 357 (Tex. 2000) (reversing and remanding to trial court summary judgment order that granted more relief than requested).

### CONCLUSION

We hold the trial court erred in granting Light Age's no evidence motion for summary judgment because: (1) Dr. Fairchild's opinion and Dr. Finder's testimony presented more than a scintilla of summary judgment evidence on the only issue of damages challenged by Light Age; and (2) the trial court granted more relief than requested by Light Age with regard to the damages

pled by Smooth Solutions.  Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this court's opinion.

Marialyn Barnard, Justice